Beatrice S. Burstein, J.
This is a proceeding brought pursuant to CPLR article 78.
In May, 1975, in order to effectuate budgetary economies, respondent abolished the positions of "school nurse teacher” and "dental hygiene teacher”. The services of six school nurse teachers and one dental hygiene teacher ("the named teachers”), all tenured within their special, or "vertical”, tenure areas, were terminated effective June 30, 1975.
This petition is brought on behalf of the named teachers by *633 the Long Beach Classroom Teachers Association. The thrust of this petition seeking reinstatement of the named teachers is that "vertical” tenure constitutes an arbitrary and irrational classification and is perforce unconstitutional. Petitioner contends that the named teachers should be placed in a "horizontal” tenure classification, i.e., one based on grade rather than on specialty. To do so would require termination of seven teachers in the broader general academic areas, who have less tenure than the named teachers (see, generally, Matter of Baer v Nyquist, 34 NY2d 291, Matter of Lynch v Nyquist, 41 AD2d 363, Matter of Silver v Board of Educ., 46 AD2d 427).
The named teachers (five of whom were almost immediately re-employed as registered nurses by respondent and are presently working within the Long Beach school system) have not filed notices of claim (Education Law, § 3813) or affirmatively joined in this proceeding.[1]
This court is constrained to hold that petitioner lacks standing to sue. It is not an aggrieved person, and so cannot maintain this proceeding. Petitioner does not claim a violation of its contract with the school district, nor does it assert any right personal to it or to all of its members which would be directly and immediately affected by the outcome of this proceeding (Matter of Donohue v Cornelius, 17 NY2d 390). Put simply, the only rights involved here are those which attach directly to the seven individual teachers — and those teachers have not seasonably asserted their rights in this proceeding.
An association is not a legal entity separate and apart from the individuals who compose it (Ostrom v Greene, 161 NY 353). From that proposition flowed the common-law rule that an association could only maintain an action or proceeding in the names of all its members (Matter of International Union United Auto. Aircraft & Agric. Implement Workers [Aircooled Motors], 284 App Div 835). The General Association Law liberalized procedurally the common-law rule by authorizing an association to maintain an action or proceeding in the name of its president or treasurer. But substantively, the rule remains that the action brought by an association must be for the benefit of all the association members (see Ivory v Ed *634 wards, 102 NYS2d 466, mod on other grounds 278 App Div 359, affd 304 NY 949). Unlike the antiquated rules of standing which are now giving way to more enlightened judicial notions, an important reason for this rule remains, and can be seen clearly in this case: it is the potential conflict of interest that might result from conferring standing on petitioner. Here, petitioner acts not for the benefit of all its members but rather for the benefit of seven individuals who, at the time the proceeding was commenced, were no longer even members of petitioner. Indeed, if the relief requested by petitioner — reinstatement — were to be directed, seven of petitioner’s present membership — those with the least seniority — would lose their jobs. And if petitioner were to be held to have standing to maintain this proceeding, would not the same reasoning require or at least permit petitioner to represent in the same proceeding those of its members who might be adversely affected by its outcome? Certainly, such representation, and the patent conflict of interest inherent in it, would not serve the interests of justice or of the parties.
In the opinion of the court, the tenure rights at issue are personal to the named teachers. Since none of them have joined in this petition the court has no alternative but to grant judgment in favor of respondent dismissing the petition.

. Petitioner has failed to join, as indispensable parties (CPLR 1001; 2 Weinstein-Korn-Miller, NY Civ Prac, par 1001.01) those teachers of general academic subjects who would be adversely affected if the requested relief were to be granted (Skliar v Board of Educ., 45 AD2d 1012); but the court need not direct joinder in view of the disposition hereof.