■ In the Matter of SPINNEY HILL COLLISION, INC., Respondent, v RALPH G. CASO, as County Executive of the County of Nassau, et al., Appellants. In the Matter of BENEDICTS TOWING SERVICE, INC., Respondent, v RALPH G. CASO, as County Executive of the County of Nassau, et al., Appellants. In the Matter of BENJAMIN C. RHODES, Doing Business as PINE HOLLOW AUTO SERVICES, Respondent, v RALPH G. CASO, as County Executive of the County of Nassau, et al., Appellants.—In three consolidated proceedings pursuant to CPLR article 78, each of which, *inter alia,* seeks to enjoin the award of a contract to one other than the petitioner therein, the appeals are from three judgments of the Supreme Court, Nassau County (one in each proceeding), entered May 7, 1976, each of which, after a hearing, *inter alia,* directed the awarding of contracts to the petitioner therein. Judgments affirmed, with one bill of costs to petitioners jointly, on the opinion of Mr. Justice Suozzi at Special Term. We note that the intermediate order which consolidated the proceedings, directed pretrial discovery, granted disclosure and ordered a trial, constituted a proper exercise of discretion. Joinder of the successful bidders is not required under CPLR 1001, as contracts have not been awarded to them (cf. *Matter of Cestone Bros. v Solowinski,* 276 App Div 970) and there is no question of fact as to their relative bidding status (see *Matter of Lezette v Board of Educ.* (35 NY2d 272). Their "interest, although affected, is nonetheless not affected 'inequitably' within the meaning of CPLR 1001" (*Matter of Castaways Motel v Schuyler,* 24 NY2d 120, 125). Rabin, Acting P. J., Titone and O'Connor, JJ., concur; Shapiro, J., dissents and votes to reverse the judgment and dismiss the petitions, with the following memorandum: Although in each instance the petitioners were the highest bidders, the county was not bound to accept them if, in the proper exercise of its discretion, it determined that there was something amiss with their qualification or character which warranted their rejection (64 Am Jur 2d, Public Works and Contracts, § 70). The competitive bidding statutes exist not for the benefit of disgruntled bidders, but for the

taxpayers represented by the municipality involved *(Matter of Kayfield Constr. Corp. v Morris,* 15 AD2d 373). So viewed, and while I would have made a contrary determination if I were the police commissioner, it is not for the court to reverse his determination if, as is the case here, his conclusion does not constitute an abuse of discretion and is neither arbitrary nor capricious.