■ In the Matter of JOSEPH ZURLO, Appellant, v GORDON M. AMBACH, as Commissioner of Education of the State of New York, et al., Respondents. —Appeal from a judgment of the Supreme Court at Special Term, entered August 30, 1979 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of the Commissioner of Education. Petitioner is a tenured physical education teacher employed by the Medina Central School District. When his position was reduced to half-time status for the 1976-1977 school year, his name was placed on a list of preferred eligibles "for appointment to a vacancy * * * that may thereafter occur in an office or position similar to the one which such person filled" (Education Law, § 2510, subd 3). In April of 1978, a full-time physical education teacher submitted a resignation which was to become effective at the end of that school year. The respondent board of education thereafter resolved to create two three-quarter-time physical education positions and offered one of them to petitioner. Although he accepted the offer, petitioner challenged the board's action through an appeal to the respondent Commissioner of Education in which he asserted that he was entitled to an appointment to a full-time position. The commissioner determined that petitioner failed to demonstrate arbitrary or illegal action on the part of the board and dismissed his appeal. Special Term found that the commissioner's determination was rational and dismissed

petitioner's subsequent article 78 proceeding. We now affirm its judgment. Petitioner's right to an appointment pursuant to subdivision 3 of section 2510 of the Education Law is wholly dependent on the existence of a "vacancy" and the record makes it plain that the only openings to which he might aspire were the newly created three-quarter-time posts. The board's resolution was so designed and structured that no full-time vacancy ever arose. Accordingly, as his appeal to the commissioner ultimately reflected, petitioner's statutory claim rests on the proposition that the board should have continued its former staffing pattern into the 1978-1979 school year. The board maintained that its action would eliminate certain cross town travel and result in more efficient teacher utilization. Petitioner questioned the validity of those reasons and submitted proposed schedules purporting to demonstrate that the same objectives could be accomplished without establishing three-quarter-time positions. However, the commissioner accepted the board's explanation and, on the record presented to him, we fail to discover any error. Petitioner simply failed to prove that the board had not acted in good faith and with reasonable judgment (cf. *Matter of Lezette v Board of Educ.*, 35 NY2d 272, 278; *Matter of Young v Board of Educ.*, 35 NY2d 31). Although his arguments before Special Term were more refined, petitioner has not shown that the board's resolution was directed at him personally for improper motives, or that the commissioner lacked a rational basis for his decision upholding the board. Judgment affirmed, without costs. Greenblott, J. P., Kane, Staley, Jr., and Main, JJ., concur.

Mikoll, J., dissents and votes to reverse in the following memorandum.

Mikoll, J. (dissenting). I respectfully dissent. I would reverse and remand. Petitioner accepted a half-time position as a physical education teacher for the school year 1976-1977 after he was notified that because of declining enrollment his full-time position as a physical education teacher was being reduced to half time and that his name was being placed on a preferred eligibility list in accord with subdivision 3 of section 2510 of the Education Law. The following school year, due to the resignation of a full-time physical education teacher, the board of education abolished the full-time position and created two new three-fourth's time positions. Petitioner was offered one position and a new teacher the other. On these facts the provisions of subdivisions 1 and 3 of section 2510 of the Education Law were violated. The creation of the two new part-time positions for the performance of similar work done by petitioner in place of the one full-time and one half-time position brings the instant case squarely within the exception mentioned in *Matter of Young v Board of Educ.* (35 NY2d 31, 34) where the court intoned: "Had a new or part-time position been created to carry on the work formerly done by petitioner, a different question would be presented. (See Education Law, §§ 2510, 2585; *Matter of Baron v. Mackreth*, 30 A D 2d 810, affd. 26 N Y 2d 1039.) But such is not the case here." Moreover, the record fails to demonstrate that the board of education acted in good faith in creating the new positions. There is no showing that the same objectives could not have been accomplished by the appropriate scheduling of one full-time and one half-time physical education teacher. This fact makes it highly suspicious that the stated objectives of elimination of cross town travel and more efficient teacher utilization were the real purposes of the board's actions. I would, therefore, reverse the judgment and remand for further proceedings not inconsistent herewith.