OPINION OF THE COURT
J. Robert Lynch, J.
The petitioner was a full-time tenured home economics teacher for the respondent school board. Due to a decrease in students enrolled in home economics, the board in September, 1975 reduced her position to half time and she taught and was paid as a half-time teacher until June, 1980 when charges were brought against her under section 3020-a of the Education Law. She was at that point suspended with pay pending determination of the charges and a regular substitute teacher, Callahan, was hired for the half-time job during the petitioner’s suspension. The charges have yet to be determined and petitioner remains under suspension.
In the second semester of the 1980-1981 school year there was an increase in the number of home economics students and the board created an additional half-time teaching position and appointed Callahan to it, creating in effect a full-time job for her.
*1016 By this CPLR article 78 petition the petitioner contends that she is entitled to this full-time position as of its creation on January 26, 1981, together with the salary for it, recognizing that she is, nonetheless, under suspension until determination of the charges against her.
We address first the issue of whether the petitioner is entitled to be appointed to the full-time position she seeks. The petitioner bases her claim to such right on subdivision 3 of section 2510 of the Education Law which provides that a teacher whose position has been abolished or consolidated is to be placed on a preferred eligibility list to be recalled in the event of a vacancy, provided that “the record of such person has been one of faithful, competent service in the office or position he has filled”.
The respondent contends that any recall right that the petitioner may have had under subdivision 3 of section 2510 expired on September 1, 1979, before the new halftime position was created, since subdivision 3 of section 2510 as it existed when the petitioner’s position was abolished in September of 1975 granted eligibility for only four years from the date of abolition. That contention is without merit. The four-year period for preferred eligibility was increased to six years by a 1977 amendment to section 2510, which was enacted while the petitioner was still eligible for preferred list status under the unamended statute.
Although an amendment may not resurrect a claim which is already time barred on the date it takes effect, it may be applied to a claim which is still viable on that date. (See Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256; Matter of Beary v City of Rye, 44 NY2d 398, 413.) Accordingly, we hold that the petitioner is entitled to the benefit of a six-year right of recall under section 2510 as amended.
That the petitioner is facing charges questioning her competency, and is under suspension in the interim, does not bar her rights under subdivision 3 of section 2510. State certification of her right to teach indicates her competency until it has been established to the contrary by the procedures set forth in section 3020-a of the Education Law (Matter of Allen, 19 Ed Dept Rep 389, 391).
*1017 The board’s creation of the additional home economics position, staffed as it is by the same person serving as a substitute teacher during petitioner’s suspension in the other home economics position, clearly resulted in the expansion of one half-time position into one full-time job. In the exercise of her rights under section 2510 of the Education Law, the petitioner is entitled to appointment to this position (Matter of Baron v Mackreth, 30 AD2d 810, affd 26 NY2d 1039). We find Matter of Zurlo v Ambach (75 AD2d 662, affd 53 NY2d 1035), relied upon by the respondent, to be inapposite. There the petitioner, once holding a full-time job, had been reduced to half time. The board was permitted to create two three-quarter-time jobs by consolidating the petitioner’s half-time job with the full-time job of a teacher who had recently retired. Here, under the guise of two half-time jobs one teacher has been given the very full-time position once held by the petitioner and to which the petitioner has rights under subdivision 3 of section 2510.
There is no merit to the respondent’s contention that this proceeding must be dismissed for nonjoinder of Callahan as a necessary party under CPLR 1001. In support of this contention, the respondent cites Matter of Skliar v Board of Educ. (45 AD2d 1012), and Kirkland v Board of Educ. (49 AD2d 693). Those cases, however, are distinguishable from the present situation, since each involved a question of fact as to the relative eligibility status of the teacher who was appointed in lieu of the petitioner. Here, it is uncontested that the petitioner has seniority over Callahan. Since the only issue is the petitioner’s entitlement to the position as a matter of statutory construction, Callahan is a party whose interests, although affected, are not affected “inequitably” within the meaning of CPLR 1001 (subd [a]) so as to make her an indispensable party to this proceeding. (See Matter of Lezette v Board of Educ., 35 NY3d 272; Matter of Spinney Hill Collision v Caso, 56 AD2d 655; Matter of McNamara v Board of Educ., 54 AD2d 467.)
Matter of Jerry v Board of Educ. (35 NY2d 534, 541-542) has held that “[compensation is a matter of such substantive right on the part of the teacher that we conclude that it cannot be taken away from him except pursuant * * * *1018 statutory authorization”. We are constrained by this holding, and we find no statutory authority to deprive the petitioner during her suspension of the pay to the position to which she is legally entitled.
The petition must be granted.