OPINION OF THE COURT
David B. Saxe, J.
Where the civil service job position of custodial assistant is described as not requiring any formal educational background, and in fact none is needed for adequate employment performance, is it arbitrary and capricious for the employer City of New York to impose a written competitive examination (in the English language only) upon the employees, many of whom are of Hispanic origin and cannot read or write English? The petitioners, who have each been employed in this capacity for several years, contend that testing for fitness for the job should be accomplished by practical or physical endurance tests and by other unwritten means of testing, as the city has previously done, instead of by means of a written examination which allegedly is totally unrelated to job performance.
Pursuant to article 78 the five employee petitioners and their union petitioner seek an order and judgment vacat *894 ing and annulling the challenged examination and directing the respondent personnel director of New York City, to give an unwritten open competitive examination. The respondent opposes the petition on the merits as well as on several procedural grounds and cross-moves to dismiss the petition. For the reasons hereinafter stated, the relief requested by the petitioners is granted. The cross motion of the respondents is granted to the limited extent of dismissing the petition against it by the petitioner union only.
The typical job duties of a custodial assistant entails basic cleaning of the rooms, halls, stairways and immediate grounds of public buildings. The petitioner employees have performed their jobs satisfactorily, and passed all previous qualifying physical and medical examinations. Upon learning of the city’s intention to hold a written examination, the petitioner union wrote a protest letter in opposition to the proposed format and urged the continuance of unwritten examinations or, in the alternative, requested that the examination be given in Spanish as well as English. The respondent denied the union’s requests explaining that it felt that it was necessary for the employees to have a basic knowledge of written English in order to perform their jobs satisfactorily.
Examination No. 1077 was administered on April 24, 1982 in writing and only in English to all city employees holding the title of custodial assistant. The test consisted of 60 written questions in a multiple choice answer format. Fourteen of the 60 questions required identification of drawings of various items generally used for cleaning and maintenance and matching the same with the written icon for that item, or a description of the job for which that item is used. Many of the questions appeared to be far more complicated than “lower elementary level” and required a detailed understanding of syntactical and grammatical structure in order to answer correctly. An employee who excels in his performance of his janitorial duties might very well fail this examination due to his inability to read or write English. The test format is unrelated to the petitioners’ job performance. Yet, on this basis, the petitioners stand to forfeit their jobs. Under these circum *895 stances, I hold that the respondent’s actions were arbitrary and capricious. (CPLR 7803, subd 3.)
Nor do I find merit to the respondent’s assertions that the petition must be dismissed. First, it is contended that the examination did not amount to a “final determination”, a prerequisite to commencing an article 78 proceeding. I hold that the petitioners do not have to wait for an “eligibility list” in order to presently assert their rights. The holding of the examination qualifies as a final determination under the circumstances presented here.
The respondent, contending that all custodial assistants employed by New York City are necessary parties to the proceeding, argues that the petition must be dismissed due to the petitioners’ failure to join these persons. (CPLR 1001.) The respondent’s characterization of the status of these persons is incorrect. While the interests of custodial assistants may be affected by the outcome of this proceeding, they will not be “inequitably” affected. (Matter of Spinney Hill Collision v Caso, 56 AD2d 655.) All employees will be on equal footing and eligible to participate in a second examination if the challenged test is invalidated. Therefore, I hold that their joinder is not mandatory.
Finally, the respondent contends that the petitioner union lacks standing to maintain this action since this action is not for the benefit of all union members, as is required by section 12 of the General Associations Law. (Matter of Crystal v Board of Educ., 87 Misc 2d 632.) Here, as in Crystal, a potential conflict of interest exists between the petitioners who seek to invalidate the examination and other union members who, because of their written command of the English language, may seek to have it upheld. The union petitioner may not maintain this proceeding on its own name. I therefore hold that the petitioner union lacks standing in this action. This does not mean, however, that the individual employee petitioners may not proceed in this action in their own names. Moreover, the union has the right to continue to support the petitioners’ position and provide legal counsel. (Matter of Jacobs v Board of Educ., 64 AD2d 148, app dsmd 46 NY2d 1075.)
*896 Accordingly, the relief requested in individual petitioners are granted the their petition.