■ In the Matter of ROGER DREYFUSS, Respondent, v. BOARD OF EDUCATION OF UNION FREE SCHOOL DISTRICT NO. 3, TOWN OF HUNTINGTON, et al., Appellants.— In a proceeding pursuant to article 78 of the CPLR to compel reinstatement of petitioner to his tenured position of high school teacher in the employ of the appellant Board of Education, the appeal is from a judgment of the Supreme Court, Nassau County, dated January 12, 1973, which granted the petition. Judgment reversed, on the law, with $20 costs and disbursements, and proceeding remanded to Special Term for joinder of Melvin Kerman as a necessary party and for further proceedings not inconsistent herewith. On June 7, 1967 petitioner was offered a position by respondents as a teacher of French for the school year commencing September 1, 1967. On May 10, 1967 an offer was made to one Melvin Kerman for a similar position. Both applicants accepted and began serving in their positions on September 1, 1967. During the 1968 school year Kerman was awarded a Fulbright Scholarship and was granted a one-year leave of absence to study abroad for the 1969–1970 school year. Upon his return to his teaching and in September, 1970, he and petitioner were granted tenure. Thereafter, appellants made a determination that the need for French teachers for the 1972–1973 school year would be reduced by six-tenths of a position, thereby leaving one full-time and one part-time teaching position. Appellants determined further that Kerman would be retained in the full-time teaching position and petitioner was offered the

part-time teaching position, with a commensurate reduction in salary. Petitioner accepted the reduced position by written memorandum dated May 1, 1972. Petitioner then filed a grievance in accordance with the terms of a collective bargaining agreement. The grievance was dismissed on May 24, 1972. Shortly thereafter, petitioner served a notice to arbitrate on respondents. Prior to the arbitration hearing and on June 29, 1972, petitioner instituted the instant article 78 proceeding. On July 31, 1972 Special Term directed that the arbitration should proceed and the article 78 proceeding stayed. On August 29, 1972, the arbitrator dismissed the grievance on the ground that the collective bargaining agreement did not deal with the rights asserted by petitioner. On November 21, 1972, petitioner made a motion at Special Term for a hearing on the original petition. In December, 1972, a hearing was held at Special Term (Kerman was not a party to the proceeding), which resulted in the judgment under review. In its decision, Special Term held that the right of the appellant board to abolish a position as part of a good-faith reorganization plan is subject to the recognition of seniority rights, that petitioner has greater seniority rights than Kerman, and that the board, in discontinuing petitioner's full-time services, disregarded the directive of subdivision 2 of section 2510 of the Education Law to discontinue " the teacher having the least seniority in the system within the tenure of the position." The judgment directed appellants to reinstate petitioner to the full-time position in the foreign language department retroactive to the beginning of the 1972–1973 school year. In our opinion, it was an improvident exercise of discretion to grant the relief requested in the petition without the joinder in the proceeding of Kerman, a necessary party. We believe that compulsory joinder is required in this situation to prevent a multiplicity of suits, by securing a complete resolution of the controversy, and to protect the absentee who ought not be jeopardized or embarrassed by a judgment purporting to bind his rights or interests where he has had no opportunity to be heard (see 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1001.01). In addition, and contrary to appellants' contention, we find that subdivision 3 of section 2510 of the Education Law is applicable (*Matter of Baron v. Mackreth*, 30 A D 2d 810, affd. 26 N Y 2d 1039). Thus, the judgment should be reversed and the proceeding remanded to Special Term for joinder of Melvin Kerman as a necessary party. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur. [72 Misc 2d 703.]