■ In the Matter of SUSAN SKLIAR, Appellant, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT No. 23, TOWN OF HEMPSTEAD, et al., Respondents.— In a proceeding pursuant to article 78 of the CPLR declaring illegal, arbitrary and capricious respondents' action in terminating petitioner's full-time position and reducing it to a half-time position, petitioner appeals from an order and judgment of the Supreme Court, Nassau County, entered March 28, 1973, dismissing the petition. Order and judgment reversed, on the law, with $20 costs and disbursements, and proceeding remanded to Special Term for joinder of Fran Kritchek as a necessary party and for further proceedings not inconsistent herewith. On April 29, 1970, petitioner was offered a full-time probationary appointment for three years as a reading teacher for the school year commencing September 1, 1970. Petitioner accepted the position and for the ensuing two years performed satisfactorily in all respects. Thereafter, on April 27, 1972, petitioner was informed by respondents that for the 1972–1973 school year her services would be reduced from a full-time position to a half-time position. The reason given by respondents was a budget cut. Notwithstanding the reduction in positions, respondents set up a reading program which required the use of three full-time and two half-time reading teachers. Petitioner then commenced this proceeding alleging (a) that the teacher, Edith Fastow, who received the other half-time position has less seniority than petitioner; (b) that because of petitioner's seniority she should have been assigned to fill both half-time positions; and (c) that respondents filled one of the remaining full-time positions with a teacher, Fran Kritchek, having less seniority than petitioner. It was respondent's position that the other half-time position was filled by a teacher having greater seniority than petitioner, that it was administratively impossible to utilize the services of a teacher half-time in the junior high school and half-time in the senior high school in respondent's reading program, and that the teacher Fran Kritchek, selected to fill one of the remaining full-time positions has superior educational credentials than petitioner. Based on the papers presented to it, Special Term dismissed the petition finding, *inter alia,* that section 2510 of the Education Law does not apply to respondents' school district. In our opinion, it was error to dismiss the petition. We find merit in that portion of the petition which alleges that petitioner should have been placed in the available full-time position. Section 2510 of the Education Law is applicable to respondents' school district (*Matter of Baron* v. *Mackreth,* 30 A D 2d 810, affd. 26 N Y 2d 1039). Thus, it was incumbent upon respondents to abide by the provisions of the statute. Subdivision 2 thereof provides that "whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued." It is undis-

puted that said Fran Kritchek, the teacher selected to fill one of the remaining full-time positions, has less seniority within the position than does petitioner. Respondents' reasons for bypassing petitioner for Mrs. Kritchek are unsupported by the statute. Section 2510 of the Education Law is clear that so long as the record of the teacher with the greater seniority has been one of faithful, competent service in the office or position he has filled, he shall be appointed to the remaining position. The Board of Education is not, in our opinion, vested with the discretion which would allow it to retain teachers in positions not abolished because of superior teaching abilities in disregard of the seniority provisions contained in the statute. Hence, it appears that petitioner was entitled to one of the remaining full-time positions now filled by Fran Kritchek. We are of the further opinion, however, that the relief requested in the petition may not properly be granted without the necessary party, Fran Kritchek. We believe that compulsory joinder is required in this situation to prevent a multiplicity of suits, by securing a complete resolution of the controversy, and to protect the absentee who ought not be jeopardized or embarrassed by a judgment purporting to bind his rights or interests where he has had no opportunity to be heard (see 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1001.01). Accordingly, the order and judgment should be reversed and the proceeding remanded to Special Term for joinder of Fran Kritchek as a necessary party. Latham, Acting P. J., Cohalan, Christ, Brennan and Munder, JJ., concur.