Chief Judge Cooke and Gabrielli, J.
(dissenting in part). We would reverse both the denial of the Bernstein defendants’ motion to intervene and the motion to vacate the default judgment against Hancock Securities Corporation. While, as a practical matter, the result reached by the majority permits the Bernstein defendants to participate in the inquest, our analysis takes a different path. Instead of joining the Bernstein defendants as necessary parties sua sponte pursuant to CPLR 1003, the better route — and the one chosen and litigated by the parties — would be to retain jurisdiction over the motion to intervene. Under this view, the motion to intervene would be deemed inextricably entwined with the CPLR 5015 motion and hence final (see Cohen and Karger, *605 Powers of the New York Court of Appeals, § 45, subd [c], pp 188-189; cf. Matter of Martin v Ronan, 47 NY2d 486). On the merits, the denial of the motion to intervene was an abuse of discretion as a matter of law (see Matter of Martin v Ronan, supra).
Judges Jasen, Jones, Wachtler and Fuchsberg concur with Judge Meyer; Chief Judge Cooke and Judge Gabrielli dissent in part and vote to reverse both the denial of the motion to intervene and the motion to vacate the judgment in a memorandum.
Appeal by defendant Hancock Securities Corp. dismissed, without costs.
Appeal, by proposed interveners Bernstein et al., from so much of the order of the Appellate Division as affirmed the denial of the motion for leave to intervene dismissed, without costs.
On the appeal, by proposed interveners Bernstein et al., from so much of the order of the Appellate Division as denied their motion to vacate the judgment of June 28, 1971: Order, insofar as so appealed from, reversed, with costs, the judgment vacated and the matter remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein.