OPINION OF THE COURT
Thomas P. Flaherty, J.
This proceeding was commenced by petitioners by way of order to show cause seeking a direction whereby the Lewis-ton-Porter Central School District employ petitioners in accordance with their rights under section 3014-b of the Education Law.
The respondent Board of Cooperative Educational Services, Orleans-Niagara Counties has cross-moved for dismissal of the petition.
Petitioner, Marsha A. Buenzow, is employed by respondent Board of Cooperative Educational Services, Orleans-Niagara Counties (hereinafter BOCES) as a special education teacher and in 1981-1982 was assigned to respondent Lewiston-Porter Central School District (hereinafter LEW-PORT). She was originally employed in 1968 as a special education teacher by LEW-PORT and when BOCES took over the LEW-PORT program in 1972 she became an *549 employee of BOCES assigned to LEW-PORT while still teaching the same class she had previously taught as a LEW-PORT employee. That employment has continued to the present but in September, 1982, five local school districts took over the learning achievement program operated by BOCES and LEW-PORT is one of those districts.
Petitioner Judith Ann Condino was originally employed as a special education teacher by BOCES in 1970. From that time on she was assigned as a special education teacher to LEW-PORT. She was also informed that in September, 1982 five local school districts including LEW-PORT would be taking over the learning achievement program that had been operated by BOCES.
BOCES advised all of its employees including petitioners that they may be entitled to a position in one or more of the local districts and each was further instructed to apply directly to the local district superintendent if interested in such placement.
On July 6,1982 both petitioners advised the LEW-PORT superintendent of their request to be considered as an employee of LEW-PORT pursuant to section 3014-b of the Education Law.
Respondent LEW-PORT takes the position that it will only entertain applications from BOCES teachers excessed from BOCES and since petitioners are not in that category they are not entitled to appointment in the LEW-PORT district.
As a result of that determination, the petitioners contend that the refusal by LEW-PORT to hire them violated their rights as provided in section 3014-b of the Education Law.
Simply stated both petitioners have lengthy records of employment with BOCES and because of their seniority they are not being excessed as the local school districts take over the learning achievement programs heretofore carried on for those districts by BOCES. LEW-PORT contends that only those teachers excessed by BOCES need be considered and hired as special education teachers.
*550 The interesting question presented is whether or not only the excessed teachers can claim the benefit of section 3014-b of the Education Law.
The statute in question in pertinent part provides:
Education Law “§ 3014-b. Teachers’ rights as a result of a school district taking over a program formerly operated by a board of cooperative educational services
“1. In any case in which a school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, each teacher employed in such a program by such a board of cooperative educational services at the time of such takeover by the school district shall be considered an employee of such school district, with the same tenure status he maintained in such board of cooperative educational services.
“2. If the number of teaching positions needed to provide the services required by such program by the school district is less than the number of teachers eligible to be considered employees of such school district as provided by subdivision one of this section, the services of the teachers having the least seniority in the board of cooperative educational services whose programs are taken over by the school district within the tenure area of the position shall be discontinued. Such teachers shall be placed on a preferred eligible list of candidates for appointment to a vacancy that may thereafter occur in an office or position under the jurisdiction of the school district similar to the one such teacher filled in such board of cooperative educational services. The teachers on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions under the jurisdiction of the school district in the order of their length of service in such board of cooperative educational services, within seven years from the date of the abolition of such office or position * * *
“4. In the event that more than one school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, then each teacher employed in such program by such board of cooperative educational services at the time of such takeover by *551 more than one school district, shall select the particular school district in which he shall be considered an employee, with all of the rights and privileges provided by the other provisions of this section. Such selection of the particular school district by such teacher is to be based upon each teacher’s seniority in such board of cooperative educational services, with the right of selection passing from such teachers with the most seniority to such teachers with least seniority. Any such teacher who is unable to obtain a teaching position in any such school districts because the number of positions needed to provide the services required in such programs with such school districts are less than the number of teachers eligible to be considered employees of such school districts, shall be placed on a preferred eligible list in all such school districts in the method and with all of the rights provided by the other provisions of this section.”
The Second Department has recently stated “we hold that, where a component school district withdraws its students from a BOCES program and establishes an equivalent program of its own, it has taken over the program within the contemplation of section 3014-b of the Education Law (see Matter of Owlett, 16 Ed Dept Rep 317; see, also, Matter of Angello v Board of Coop. Educational Servs., 80 Misc 2d 472, affd 55 AD2d 806). Significantly, the Commissioner of Education has given the statute a similar interpretation (see Matter of Owlett, supra). His view is entitled to substantial weight and, indeed, must be upheld unless irrational (see, e.g., Matter of Howard v Wyman, 28 NY2d 434, 438; Lombardi v Nyquist, 63 AD2d 1058, 1059).” (Matter of Acinapuro v Board of Coop. Educational Servs. of Nassau County, 89 AD2d 329, 335.)
In Matter of Acinapuro (supra), the petitioners on the BOCES teaching staff with tenure in the general special education tenure area were notified that their positions were to be eliminated. Instead two school districts established their own program and one district hired three probationary teachers to fill the newly created positions and the other district hired one probationary teacher all in the general special education tenure area. Special Term held and the Appellate Division affirmed “that the four *552 most senior * * * BOCES teachers, employed in the tenure area of the program and excessed because of the takeovers, are entitled to the new positions created to staff the programs established” in the two school districts affected.
While at first blush it appears that it was the excessed teachers who could claim the benefit of the statute, the court directed that BOCES determine the teachers affected by the takeovers and advise the school districts of the relative seniority of the affected teachers while promulgating a preferred eligible list of candidates for appointment to the newly created position in the school district programs being established, and most significantly that the two school districts involved “fill all such programs with the most senior teachers appearing on the BOCES list who assert their rights to those positions” (Matter of Acinapuro, supra, p 332).
The case at bench is actually a stronger one than Matter of Acinapuro (supra),' since this court finds that LEW-PORT has taken over the learning achievement program as contemplated by section 3014-b of the Education Law, and that the petitioners here were employed in the specific program taken over, and not just in the tenure area.
The Legislature has clearly provided that each teacher employed by BOCES at the time a school district takes over a program previously provided by BOCES “shall be considered an employee of such school district, with the same tenure status he maintained in such board of cooperative educational services.” (Education Law,. § 3014-b, subd 1.) Therefore by statutory mandate when LEW-PORT took over operation of the learning achievement program previously provided by BOCES the petitioners here were to be considered LEW-PORT employees, with the tenure status then enjoyed by them at BOCES.
Additionally it is noted that where more than one school district takes over a previously operated BOCES program which is the case here the teacher “shall select the particular school district in which he shall be considered an employee, with all of the rights and privileges provided by the other provisions of this section. Such selection of the particular school district by such teacher is to be based *553 upon each teacher’s seniority in such board of cooperative educational services, with the right of selection passing from such teachers with the most seniority to such teachers with least seniority.” (Education Law, § 3014-b, subd 4.)
The school districts and BOCES programs throughout the State are thus given the blueprint to follow as to teachers’ rights when there is a program takeover by a district (Education Law, § 3014-b), or by BOCES (Education Law, § 3014-a).
Pursuing that course the petitioners advised LEW-PORT of their request to be considered as LEW-PORT employees and the district erred in refusing to honor such applications.
The respondent LEW-PORT argues that because of the seniority and tenure of petitioners with BOCES they are ineligible for the newly created district positions. This inverse argument is diametrically opposed to the protection provided teachers pursuant to section 3014-b of the Education Law for senior services well performed. It is a different and unique position, rejected on the facts in this case, that for persons in a similar position the greater benefits are possessed by those with the least seniority.
Since the learning achievement program previously administered by BOCES is now operated by LEW-PORT, the court directs that BOCES notify LEW-PORT of the relative seniority of all teachers affected and that BOCES prepare a preferred eligible list of candidates for appointment to the position created based upon such takeovers by the district from BOCES and that LEW-PORT fill all such programs with the most senior teachers appearing on the BOCES list who assert their rights to such positions.
To the extent indicated petitioners’ motion is granted.
The cross motion of respondent BOCES is granted and upon furnishing to LEW-PORT the information as directed herein the petition as against respondent BOCES is in all respects dismissed, without costs.