SIDNEY KOCH et al., Appellants, v PUTNAM-NORTHERN WESTCHESTER BOARD OF COOPERATIVE EDUCATIONAL SERVICES et al., Respondents.

Second Department, January 9, 1984

### APPEARANCES OF COUNSEL

*James R. Sandner* (*James J. Brady* of counsel), for appellants.

*Murray Steyer* and *Edmiston, Burrows, Vaccaro, Ross & Galloway* for Putnam-Northern Westchester Board of Cooperative Educational Services, respondent.

*Plunkett & Jaffe, P. C.* (*Phyllis S. Jaffe* of counsel), for the Bedford School District and another, respondents.

### OPINION OF THE COURT

BRACKEN, J. P.

In a proceeding pursuant to CPLR article 78 to compel respondent Putnam-Northern Westchester Board of Cooperative Educational Services to reinstate petitioners to

their former teaching positions with back pay and all other emoluments of employment, petitioners appeal from a judgment which dismissed the proceeding. We reverse, reinstate the proceeding and remit the matter to Special Term for further proceedings consistent herewith.

Petitioners Koch and Olsen were formerly employed by respondent, Putnam-Northern Westchester Board of Cooperative Educational Services (hereinafter BOCES), as tenured teachers in the special education tenure area to teach children with learning disabilities. While so employed, petitioner Olsen taught in the Croton-Harmon School District (hereinafter Croton) and petitioner Koch taught in the Bedford Union Free School District (hereinafter Bedford). Both districts are component districts of BOCES and had agreed to utilize the BOCES special education program for students within their respective jurisdictions.

In or about March, 1981, Croton and Bedford advised BOCES that as of the 1981-1982 school year they would establish their own special education programs and would no longer utilize the program provided by BOCES. On or about April 1, 1981, petitioners were notified by letter from BOCES that their program was being taken over by the local districts, and that their employment as of September, 1981 would be with the local districts and not with BOCES. Petitioners were dismissed by BOCES on or about June 30, 1981. Effective September 1, 1981, Bedford and Croton began providing the special education programs formerly provided by BOCES, and petitioners were hired as of that date by the respective component districts as teachers in their programs.

On or about October 19, 1981, petitioners commenced this proceeding pursuant to CPLR article 78 seeking to have themselves reinstated to their former positions as tenured BOCES teachers, *nunc pro tunc* to June 30, 1981. In a judgment entered May 17, 1982, Special Term dismissed the proceeding and this appeal followed.

The precise issue presented on appeal is as follows: where school districts take over a program formerly provided by BOCES, are the BOCES teachers who are actually employed in that program properly dismissed by BOCES and hired by the districts under section 3014-b of

the Education Law, or is BOCES required to excess teachers by seniority pursuant to subdivision 2 of section 2510 of the Education Law before applying the provisions of section 3014-b? In determining this issue, we must necessarily consider the effect of these two statutes upon the rights and obligations of the parties.

Section 3014-b of the Education Law provides, in relevant part, as follows:

"Teachers' rights as a result of a school district taking over a program formerly operated by a board of cooperative educational services

"1. In any case in which a school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, each teacher employed in such a program by such a board of cooperative educational services at the time of such takeover by the school district shall be considered an employee of such school district, with the same tenure status he maintained in such board of cooperative educational services.

"2. If the number of teaching positions needed to provide the services required by such program by the school district is less than the number of teachers eligible to be considered employees of such school district as provided by subdivision one of this section, the services of the teachers having the least seniority in the board of cooperative educational services whose programs are taken over by the school district within the tenure area of the position shall be discontinued. Such teachers shall be placed on a preferred eligible list of candidates for appointment to a vacancy that may thereafter occur in an office or position under the jurisdiction of the school district similar to the one such teacher filled in such board of cooperative educational services. The teachers on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions under the jurisdiction of the school district in the order of their length of service in such board of cooperative educational services, within seven years from the date of the abolition of such office or position * * *

"4. In the event that more than one school district duly takes over the operation of a program formerly provided by

a board of cooperative educational services, then each teacher employed in such program by such board of cooperative educational services at the time of such takeover by more than one school district, shall select the particular school district in which he shall be considered an employee, with all of the rights and privileges provided by the other provisions of this section. Such selection of the particular school district by such teacher is to be based upon each teacher's seniority in such board of cooperative educational services, with the right of selection passing from such teachers with the most seniority to such teachers with least seniority. Any such teacher who is unable to obtain a teaching position in any such school districts because the number of positions needed to provide the services required in such programs with such school districts are less than the number of teachers eligible to be considered employees of such school districts, shall be placed on a preferred eligible list in all such school districts in the method and with all of the rights provided by the other provisions of this section.

"5. This section shall in no way be construed to limit the rights of any of such teachers set forth in this section granted by any other provision of law."

The other pertinent statute is subdivision 2 of section 2510 of the Education Law, which states: "Whenever a board of education abolishes a position under this chapter, the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued."

Respondents argue that when Croton and Bedford took over the special education program for BOCES, section 3014-b required that petitioners, the BOCES teachers employed in such program, be considered employees of the component districts. Thus, respondents contend that petitioners' dismissal by BOCES and subsequent hiring by the respective districts was not only proper but was mandated by the language of subdivision 1 of section 3014-b, and petitioners therefore received the protection contemplated by the statute, i.e., positions with the component districts with the same tenure status maintained in BOCES. It is respondents' position that subdivision 2 of section 2510 of

the Education Law has no application to the case at bar, since petitioners' positions were not abolished but were merely transferred from BOCES to the districts taking over the program.

In *Matter of Acinapuro v Board of Coop. Educational Servs.* (89 AD2d 329, 335), this court held that where a component school district withdraws its students from a BOCES program and establishes an equivalent program of its own, the district has taken over the program within the meaning of subdivision 1 of section 3014-b of the Education Law. Further, we noted in *Acinapuro* that the phrase "each teacher employed *in such a program* by [BOCES] at the time of such takeover" (Education Law, § 3014-b, subd 1; emphasis added) must be construed so as to afford BOCES teachers protection consistent with their tenure and seniority status. We recognized that since subdivision 2 of section 2510 of the Education Law requires BOCES to discontinue the services of the teacher having the least seniority in the system within the tenure of the position abolished as a result of the takeover, section 3014-b must be read to apply to all *BOCES* teachers within the tenure area of the position abolished, regardless of whether the teachers actually served in the program taken over by the component school district (89 AD2d, at pp 335-337, *supra*).

Applying these principles to the case at bar, we conclude that respondents have misconstrued the statutory scheme, in derogation of petitioners' tenure and seniority rights. When Croton and Bedford withdrew their students from the BOCES special education program and established equivalent programs of their own, they took over operation of a program formerly provided by BOCES within the meaning of subdivision 1 of section 3014-b. Moreover, unlike the excessed BOCES teachers in *Acinapuro* (*supra*), petitioners herein were employed in the very program taken over by the component school districts, and not just in the same tenure area. Thus, they are clearly teachers "employed in such a program by [BOCES] at the time of such takeover" (Education Law, § 3014-b, subd 1) and are therefore entitled to the protection conferred by the statute (see *Matter of Buenzow v Lewiston-Porter Cent. School Dist.*, 117 Misc 2d 548).

However, the fact that petitioners taught in the very programs taken over did not, by operation of section 3014-b, require that they be excessed by BOCES and be considered employees of the component districts. When BOCES was required to abolish teaching positions as a result of the program takeover, it was obligated by law to discontinue the services of those teachers having the least seniority within the tenure area of the position abolished (Education Law, § 2510, subd 2; *Matter of Acinapuro v Board of Coop. Educational Servs.,* 89 AD2d 329, 336, *supra*). Thus, if BOCES had, as alleged by petitioners, employed other teachers within the special education tenure area with less seniority than petitioners at the time of the takeover, it was required by subdivision 2 of section 2510 to excess those teachers having least seniority. Those excessed teachers would then be considered employees of the component school districts pursuant to subdivision 1 of section 3014-b. If, however, the number of teaching positions needed by the districts to provide the program was less than the number of teachers eligible to be considered employees of the districts, then, pursuant to subdivisions 2 and 4 of section 3014-b, those excessed teachers would be placed on a preferred eligible list of candidates for appointment to future vacancies.

Subdivision 5 of section 3014-b of the Education Law expressly provides that the rights of BOCES teachers under section 3014-b shall not be construed to limit rights granted by any other provision of law. It follows that BOCES teachers may not be excessed and considered employees of a component school district as the result of a program takeover unless their seniority rights under subdivision 2 of section 2510 have been duly considered. Because it is alleged in this case that BOCES retained in its employ teachers in the special education tenure area having less seniority than petitioners, the abolition of petitioners' positions may have violated the mandate of subdivision 2 of section 2510. Accordingly, the judgment dismissing the proceeding must be reversed, the proceeding reinstated, and the matter remitted to Special Term for further proceedings consistent herewith.

In the event that Special Term determines that teachers with less seniority than petitioners within the special

education tenure area were retained by BOCES, in violation of subdivision 2 of section 2510, BOCES must be directed to reinstate petitioners and to follow an appropriate procedure for correctly determining the BOCES teachers to be excessed and made eligible for hiring by the component districts pursuant to section 3014-b. Since section 3014-b does not provide for its own implementation, we reiterate the procedures which were found by this court in *Acinapuro* to reasonably implement the statute (89 AD2d, at pp 338-339, *supra*). First, BOCES must determine which of its teachers were affected by the takeovers and notify them of the fact of the takeovers and the school districts involved. Second, BOCES must notify the two districts involved of the relative seniority of the affected teachers. Third, BOCES must promulgate a preferred eligible list of candidates for appointment to the newly created positions in the school districts' programs established in consequence of the takeovers. Fourth, Croton and Bedford must fill all such programs with the most senior teachers appearing on the BOCES list who assert their rights to those positions (89 AD2d, at p 332, *supra*).

The final contention is that the instant proceeding was properly dismissed for failure to join as necessary parties those teachers who have less seniority in the tenure area than petitioners. While we agree that joinder of such teachers is required in this instance because their positions might well be abolished as a result of the judgment (CPLR 1001, subd [a]), in the exercise of discretion we direct that the proceeding be reinstated, and upon remittitur, Special Term shall direct that all such teachers be joined as necessary parties to this proceeding (*Matter of Skliar v Board of Educ.,* 45 AD2d 1012; *Matter of Dreyfuss v Board of Educ.,* 42 AD2d 845; see *Matter of Martin v Ronan,* 47 NY2d 486, 492).

We have considered the other contentions raised by respondents on appeal and find them to be without merit.

BROWN, RUBIN and BOYERS, JJ., concur.

Judgment of the Supreme Court, Westchester County, entered May 17, 1982, reversed, with one bill of costs, and matter remitted to Special Term for further proceedings consistent herewith.