■ In the Matter of NANCY GILL et al., Appellants, v DUTCHESS COUNTY BOARD OF COOPERATIVE EDUCATIONAL SERVICES, Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel respondent to reinstate petitioners to their former positions, petitioners appeal from a judgment of the Supreme Court, Dutchess County (Rosenblatt, J.), entered January 12, 1983, which granted respondent's motion for summary judgment and dismissed the petition. Judgment reversed, on the law, without costs or disbursements, motion denied, petition reinstated, and matter remitted to Special Term for further proceedings consistent herewith. Petitioners are teachers employed by respondent Dutchess County Board of Cooperative Educational Services (BOCES). In the 1981-1982 school year, petitioner Gill taught a class of six hearing-impaired students, five of whom were from the Wappingers Central School District and one of whom was from the Arlington Central School District. In the same year, petitioner Robinson taught educable mentally retarded children; although petitioners claim that she taught students from both the Pine Plains and the Red Hook Central School Districts, respondent asserts that Robinson taught only Red Hook children. Neither Gill nor Robinson had the most nor the least seniority in their respective tenure areas. Sometime in the spring of 1982, the Wappingers Central School District notified BOCES that it was withdrawing its elementary school hearing-impaired students from the BOCES program and would instead conduct its own program. Similarly, the Red Hook Central School District notified BOCES that it would withdraw its educable mentally retarded students from the BOCES program and include the class that Robinson taught as part of its own district program. Both these changes were effective at the start of the 1982-1983 school year. BOCES deemed these actions "takeovers" of programs pursuant to section 3014-b of the Education Law. By separate letters dated May 14, 1982, BOCES advised Gill that she would be a teacher in the Wappingers Central School District and advised Robinson that she would be a teacher in the Red Hook Central School District, both effective September 1, 1982. Gill and Robinson were informed that they would maintain the same tenure status as they had at BOCES and that "[f]or salary, sick leave, and seniority purposes, the length of service credited to [them] at BOCES will be credited to you as employment time in" their respective school districts. Subsequently, Gill and Robinson brought this proceeding pursuant to CPLR article 78 seeking reinstatement, back pay, lost benefits, repayment of any out-of-pocket expenses, and any necessary payments on their behalf to the New York State Teachers Retirement System. Special Term granted summary judgment and dismissed the petition, holding that section 3014-b of the Education Law indicates a clear legislative intent that such transfers should be automatic in a "takeover" situation such as the one at bar. We disagree and, accordingly, we reverse the judgment of Special Term and reinstate the petition. The facts of this case are virtually identical to those of *Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs.* (98 AD2d 311). In that case, we rejected the Putnam-Northern Westchester BOCES' argument that, when school districts take over a program formerly provided by BOCES, the BOCES teachers who are actually employed in that program are automatically dismissed by BOCES and transferred to the employment of the takeover district by operation of law. Rather, we held that the seniority protections

afforded by section 2510 of the Education Law mandate that "[w]hen BOCES was required to abolish teaching positions as a result of the program takeover, it was obligated * * * to discontinue the services of those teachers having the least seniority within the tenure area of the position abolished" (*Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs., supra,* p 316; see Education Law, § 2510, subd 2; *Matter of Acinapuro v Board of Coop. Educational Servs.,* 89 AD2d 329, 336). The holding of *Koch* (*supra*), and the procedure established therein must be applied to the facts of this case. Thus, as we noted in *Koch* (*supra,* p 316), if BOCES: "employed other teachers within the special education tenure area with less seniority than petitioners at the time of the takeover, it was required by subdivision 2 of section 2510 to excess those teachers having least seniority. Those excessed teachers would then be considered employees of the component school districts pursuant to subdivision 1 of section 3014-b. If, however, the number of teaching positions needed by the districts to provide the program was less than the number of teachers eligible to be considered employees of the districts, then, pursuant to subdivisions 2 and 4 of section 3014-b, those excessed teachers would be placed on a preferred eligible list of candidates for appointment to future vacancies". Consequently, the judgment dismissing the proceeding must be reversed, the petition reinstated and the matter remitted to Special Term for further proceedings consistent herewith. In order to implement section 3014-b, Special Term should follow the procedure established in *Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs.* (*supra,* p 317), which in turn was based on this court's holding in *Acinapuro* (*supra*): "First, BOCES must determine which of its teachers were affected by the takeovers and notify them of the fact of the takeovers and the school districts involved. Second, BOCES must notify the two districts involved of the relative seniority of the affected teachers. Third, BOCES must promulgate a preferred eligible list of candidates for appointment to the newly created positions in the school districts' programs established in consequence of the takeovers. Fourth, [the school districts] must fill all such programs with the most senior teachers appearing on the BOCES list who assert their rights to those positions". Finally, we note that, upon remittitur, Special Term should order that the two BOCES teachers with least seniority, whose positions might be abolished as a result of any judgment herein, be joined as necessary parties to this proceeding (*Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs., supra; Matter of Skliar v Board of Educ.,* 45 AD2d 1012; *Matter of Dreyfuss v Board of Educ.,* 42 AD2d 845). Mollen, P. J., Gibbons, Weinstein and Rubin, JJ., concur.