In the Matter of MARSHA A. BUENZOW et al., Respondents, v LEWISTON-PORTER CENTRAL SCHOOL DISTRICT, Appellant, and BOARD OF COOPERATIVE EDUCATIONAL SERVICES, ORLEANS AND NIAGARA COUNTIES, Respondents.

Fourth Department, April 12, 1984

APPEARANCES OF COUNSEL

*Allen & O'Brien (Daniel R. Mooney* of counsel), for appellant.

*Frank T. Ralabate* for respondents.

OPINION OF THE COURT

HANCOCK, JR., J. P.

This appeal concerns the rights of BOCES teachers under section 3014-b of the Education Law when a component district has taken over a program formerly operated by BOCES but the takeover of the program has not resulted in an excess of teachers requiring BOCES to abolish any

positions. Petitioners are tenured special education teachers employed by BOCES. For several years they have been assigned to conduct learning achievement classes at respondent Lewiston-Porter Central School District, one of the component districts contracting with BOCES for such services. In 1982, respondent district and four other component districts took over part of the learning achievement program, but the takeover and the resultant diminution in the number of needed positions at BOCES did not require the excessing of any teachers.[1] Although their BOCES positions were in no way affected by the takeover, petitioners sought to fill the positions created at respondent district to carry on the learning achievement program, contending that they had a right, at their option, to claim such positions under section 3014-b, and that they could do so without losing any of their accumulated seniority rights. Upon the district's rejection of their applications, petitioners commenced the instant CPLR article 78 proceeding to compel compliance. Special Term granted their petition holding that the most senior BOCES teachers, excessed or not, have a right, based on their seniority, to fill the positions in their tenure area in the component district taking over the program. Respondent district has appealed and we reverse. It is respondent's position that it is not required by section 3014-b of the Education Law to hire petitioners and that, absent a showing that petitioners or other teachers have been excessed by the takeover, it is free to hire new special education teachers for the positions. A resolution of the dispute turns on a construction of the statute.

Subdivision 1 of section 3014-b of the Education Law provides that when "a school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, each teacher employed in such a program by such a board of cooperative educational services at the time of such takeover by the school district shall be considered an employee of such school district, with the same tenure status he maintained in such board of cooperative educational services". Subdivisions 2, 3, 4

---

1. Although neither the petition nor respondent's answer contains a reference to the fact, the parties in their briefs agree that no BOCES teachers were excessed.

and 5 of section 3014-b contain detailed provisions (analogous to those protecting the rights of teachers under section 2510 of the Education Law when a school district abolishes a teaching position) safeguarding the seniority rights of BOCES teachers in the event that a takeover, as described in subdivision 1, results in there being too few positions in the takeover district to absorb the BOCES teachers whose positions have been discontinued as a result of the takeover.[2]

Petitioners interpret section 3014-b of the Education Law as giving BOCES teachers a first refusal option, in the order of their seniority, to claim positions in the takeover

---

**2.** The full text of section 3014-b of the Education Law is as follows:

"§ 3014-b. Teachers' rights as a result of a school district taking over a program formerly operated by a board of cooperative educational services

"1. In any case in which a school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, each teacher employed in such a program by such a board of cooperative educational services at the time of such takeover by the school district shall be considered an employee of such school district, with the same tenure status he maintained in such board of cooperative educational services.

"2. If the number of teaching positions needed to provide the services required by such program by the school district is less than the number of teachers eligible to be considered employees of such school district as provided by subdivision one of this section, the services of the teachers having the least seniority in the board of cooperative educational services whose programs are taken over by the school district within the tenure area of the position shall be discontinued. Such teachers shall be placed on a preferred eligible list of candidates for appointment to a vacancy that may thereafter occur in an office or position under the jurisdiction of the school district similar to the one such teacher filled in such board of cooperative educational services. The teachers on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions under the jurisdiction of the school district in the order of their length of service in such board of cooperative educational services, within seven years from the date of the abolition of such office or position.

"3. For any such teacher as set forth in subdivision one of this section for salary, sick leave and any other purposes, the length of service credited in such board of cooperative educational services shall be credited as employment time with such school district.

"4. In the event that more than one school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, then each teacher employed in such program by such board of cooperative educational services at the time of such takeover by more than one school district shall select the particular school district in which he shall be considered an employee, with all of the rights and privileges provided by the other provisions of this section. Such selection of the particular school district by such teacher is to be based upon each teacher's seniority in such board of cooperative educational services, with the right of selection passing from such teachers with the most seniority to such teachers with least seniority. Any such teacher who is unable to obtain a teaching position in any such school districts because the number of positions needed to provide the services required in such programs with such school districts are less than the number of teachers eligible to be considered employees of such school districts, shall be placed on a preferred eligible list in all such school districts in the method and with all of the rights provided by the other provisions of this section.

"5. This section shall in no way be construed to limit the rights of any of such teachers set forth in this section granted by any other provision of law."

district which they may regard, because of pay scale, location or other reason, as preferable to the positions they hold at BOCES. They argue that to limit the entitlement to fill these newly created openings to those teachers who have been excessed from their BOCES positions defeats the purpose of the statute by conferring greater benefits on the teachers with the least seniority. The right to elect a transfer to the component district, they contend, exists by virtue of the plain terms of subdivision 1 of section 3014-b of the Education Law independent of subdivision 2 of section 2510 of the Education Law (providing that when a teacher's position is abolished "the services of the teacher having the least seniority in the system within the tenure of the position abolished shall be discontinued") and irrespective of whether the takeover has resulted in an excess of teachers over positions available at BOCES. We find petitioners' interpretation to be foreign to the purpose of section 3014-b, unsupported by its plain meaning as derived from a reading of the entire statute, and contrary to its construction by the Appellate Division, Second Department, in two recent decisions (see *Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs.*, 98 AD2d 311; *Matter of Acinapuro v Board of Coop. Educational Servs.*, 89 AD2d 329).

The primary purpose in enacting the tenure statutes (Education Law, §§ 3012, 3013 [now repealed]), we have said, was to assure job security to competent teachers in their appointed positions (see *Matter of Moritz v Board of Educ.*, 60 AD2d 161, 166). Section 3014-b of the Education Law is plainly a tenure statute. Its purpose, like that of sections 3012 and 3014-a (pertaining to the rights of teachers when BOCES takes over a program formerly operated by a school district), is to protect tenure rights of teachers. This is evident from the over-all scheme of the statute and from memoranda submitted in support of its enactment and that of its companion section 3014-a (see memorandum submitted by New York State Teachers' Association in support of Education Law, § 3014-a, NY Legis Ann, 1972, p 113; memorandum in support of Education Law, § 3014-b, NY Legis Ann, 1975, p 158).[3] Commenting on these memo-

---

3. The memorandum in support of section 3014-b of the Education Law reads in part as follows:

randa the court in *Matter of Acinapuro v Board of Coop. Educational Servs.* (*supra,* pp 335-336 [per Mollen, P. J.]), stated: "As manifested by the memoranda submitted to the Legislature in support of enactment of the statute, and as made plain by the language of the provision itself, the purpose of section 3014-b is to afford a BOCES teacher protection, consistent with his tenure and seniority status, when his position is affected by a takeover of a BOCES program. It was the intent of the statute that a school district taking over a program would no longer be free to hire probationary teachers to staff its newly established equivalent program. Instead, it was contemplated that those programs would be staffed by teachers excessed by BOCES as a consequence of the takeover. Those teachers were to be considered employees of the district and were to retain their tenure status." Petitioners regard section 3014-b of the Education Law not merely as a means of protecting the tenure and seniority rights of BOCES employees in the positions they hold but as a means of securing presumably better teaching positions to be used at the option of BOCES employees whose existing positions

---

"This bill protects the tenure and other rights of teachers earned through employment by a Board of Cooperative Educational Services when the particular program in which such teachers render service is taken over by a school district.

"Chapter 158 of the Laws of 1972 [Education Law, § 3014-a] provides teachers employed in school district programs taken over by a Board of Cooperative Educational Services with the same tenure status and other employee rights as they had acquired in the school district from which the program is taken. *The purpose of this bill is to provide the identical protection to teachers in a BOCES program in the event that program is taken over by a school district.*" (NY Legis Ann, 1975, p 158; emphasis added.)

Since the purpose of the statute in question (Education Law, § 3014-b) is to provide protection identical to that provided in section 3014-a of the Education Law, it is helpful to consider the stated legislative purpose behind section 3014-a as set forth in the memorandum of the New York State Teachers' Association urging the enactment of section 3014-a which states in part (NY Legis Ann, 1972, p 113):

"Most often in such a take-over of a program [of a school district by BOCES], teachers previously employed in the program by the local school districts eventually are continued in the program by the board or boards of cooperative educational services. Nevertheless, the teachers are placed in a precarious position, as teachers so employed must accept the position as new employment and may be dismissed at any time during the new probationary period. A teacher may be 60 years of age, have reached the top of the local district's salary schedule, have served under tenure for many years, and have accumulated 150 days of sick leave. At an advanced age he suddenly finds himself without salary and job protection although the services he is rendering have not changed * * *

"Under existing law, a board of cooperative educational services is not required to credit the teacher with years of service previously rendered in the local school district, nor to honor salary, sick leave and other benefits earned through such previous service * * *

"The situation is unfair."

are not threatened. Such use of the statute for job improvement rather than job protection, in our opinion, was never envisioned by the Legislature and is unrelated to its primary purpose.

Contrary to petitioners' argument, the plain meaning of the statute does not support their construction as conferring upon a BOCES teacher (whether or not excessed) a right to claim at the teacher's option and depending upon his seniority a transfer to the component district whenever there is a takeover of a BOCES program in which the teacher is employed. It is apparent immediately that there is no language in the statute giving a teacher a choice of accepting or rejecting a transfer to the component district. On the contrary, the wording of the statute is mandatory (i.e., in the case of a program takeover by a component school district, a BOCES teacher *"shall be considered* an employee of such school district" [Education Law, § 3014-b; emphasis added]), and there is nothing to suggest that the statute is to operate at the option of the employee.

Moreover, petitioners' interpretation ignores the most important parts of section 3014-b (subds 2, 3, 4 and 5) containing the operative provisions designed to achieve the very purpose of the section as a tenure statute by protecting the tenure and seniority status of BOCES teachers in the event of a takeover (see, e.g., subd 2, which provides that if there are insufficient positions in the takeover district to absorb the BOCES teachers discontinued as a result of the takeover, the teachers having the least seniority shall be let go and placed on a preferred eligible list for such positions). From these subdivisions, it is clear that the entire thrust of section 3014-b and its only purpose is to provide job security for BOCES teachers. To use it for another purpose would pervert the legislative intent as expressed in the words of the statute.

Section 3014-b has been construed in two decisions in the Second Department: *Matter of Acinapuro v Board of Coop. Educational Servs.* (89 AD2d 329, *supra*) and *Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs.* (98 AD2d 311, *supra*), both consistent with our holding. In *Acinapuro (supra,* p 336), the court found that the statutory scheme designed by the Legislature in section 3014-b

for the protection of BOCES employees contemplated that the newly established equivalent program in the takeover district "would be staffed by teachers *excessed by BOCES as a consequence of the takeover*" (emphasis added). The court recognized that a takeover resulting in abolition of one or more BOCES positions implicates subdivision 2 of section 2510 of the Education Law and that by virtue of that section BOCES is required to "excess" the teachers having the least seniority in the tenure area. Thus, the court concluded, in order to afford BOCES teachers the protection of section 2510, the phrase "each teacher employed in" (Education Law, § 3014-b) a program taken over must not be construed narrowly but read as encompassing any teacher in the general special education tenure area even though not assigned to the specific program taken over.

In *Koch* (*supra,* p 316), the court rejected BOCES' interpretation of section 3014-b as creating an automatic transfer of BOCES teachers, whether or not excessed, to the takeover district and held that BOCES teachers may not be "excessed and considered employees of a component school district [and their positions abolished] as the result of a program takeover unless their seniority rights under subdivision 2 of section 2510 have been duly considered".[4] Moreover, the fact that the teachers sought to be transferred were, as are petitioners here, assigned to the very programs taken over, the court noted, *"did not, by operation of section 3014-b, require that they be excessed by BOCES and be considered employees of the component districts"* (*Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs., supra,* p 316; emphasis added).

As noted, the wording of the statute is mandatory, and, as construed in *Acinapuro* (*supra*), applies to all teachers in the general tenure area. Thus, if we were to accept the dissenters' reading of section 3014-b as applying irrespective of excessing, it would effect an automatic wholesale transfer of all BOCES employees in the tenure area

---

4. Assuming that *Koch* (98 AD2d 311) is properly decided (and we think it is), adopting petitioners' construction of section 3014-b of the Education Law would create an anomaly in the law: nonexcessed BOCES employees could resist a transfer as the statute is interpreted in *Koch.* Yet the same employees could demand the right to be transferred under section 3014-b as petitioners construe it.

whether or not their jobs are jeopardized, and it would apply not only to teachers who, like petitioners, seek a transfer but to those who, like the nonexcessed teachers in *Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs.* (*supra*), objected to the transfer and successfully resisted it in court. Moreover the dissenters' construction, if adopted, would, whenever there has been a takeover of even one BOCES program (even one which entails no excessing of teachers), require that the takeover district, before staffing its equivalent program with employees of its choice, offer each of the newly created positions to BOCES employees in the involved general tenure area in the order of their seniority. Such a construction of section 3014-b, in our opinion, would unnecessarily and improperly curtail the statutory (see Education Law, §§ 2503, 2554) and common-law contract rights of school districts to hire and fire teachers (see *Matter of Moritz v Board of Educ.*, 60 AD2d 161, 166-167, *supra*) and, we conceive, could be a considerable administrative burden where the BOCES program is one serving many large school districts and where there are a great number of senior BOCES employees in the tenure area. For these additional reasons, we do not think petitioners' construction of the statute could have been intended (see, generally, McKinney's Cons Laws of NY, Book 1, Statutes, §§ 141, 143, 145, 146).

The judgment should be reversed and the petition dismissed.

DOERR, J. (dissenting). We respectfully dissent on the law. Subdivision 1 of section 3014-b of the Education Law clearly provides that if a school district takes over a program previously provided by BOCES, then "each teacher employed in such a program * * * *shall* be considered an employee of such school district" (emphasis added). The majority opinion rewrites this legislation by construing section 3014-b to mean that petitioners have no right to fill positions in the respondent school district because petitioners were not "excessed" by the takeover of the BOCES program. The statute, however, does not contain the word "excessed". The construction propounded by the majority is at odds with the plain wording of the statute. It is not the job of the courts to rewrite statutes or substitute our

judgment for that of the Legislature (*Nettleton Co. v Diamond,* 27 NY2d 182, 194; McKinney's Cons Laws of NY, Book 1, Statutes, § 73).

The proper inquiry is not whether petitioners were excessed, but whether they were *affected* by the takeover (*Matter of Acinapuro v Board of Coop. Educational Servs.,* 89 AD2d 329, 336). Since BOCES teachers, although not excessed, may nevertheless be affected by a takeover because of a change in the location, composition of their classes or economic benefits, they should be entitled to the rights conferred upon them by section 3014-b.

The majority's reliance on *Matter of Acinapuro v Board of Coop. Educational Servs.* (*supra*), is misplaced. The court therein did not decide whether section 3014-b applied if no teachers are excessed, but only that if teachers are excessed, they are necessarily affected by the takeover and the school district must hire them before hiring anyone else. The court recognized (*supra,* p 336) that "the over-all statutory aim of providing job protection to teachers who have given years of satisfactory service" is the primary objective of the statute. To deny petitioners herein the positions they seek would frustrate that goal. Petitioner Buenzow was originally employed by respondent in 1968 as a special education teacher and continued in that employment until BOCES took over the program in 1972. At that point she became a BOCES employee, but continued in the same assignment until the school district withdrew from BOCES in 1982. Thus, petitioner has some 14 years seniority in what is essentially the same position, albeit for different employers. Petitioner Condino, likewise, has devoted the past 12 years to working as a special education teacher in the Lewiston-Porter School District. The majority's holding, nevertheless, produces the anomalous result of conferring greater salary benefits upon probationary teachers hired by the respondent school district than upon petitioners, who have been employed at the school district for over 10 years.

The majority's reliance on *Koch v Putnam-Northern Westchester Bd. of Coop. Educational Servs.* (98 AD2d 311) is similarly misplaced. Again, the issue in that case was

not whether section 3014-b applies if no teachers are excessed, but which BOCES employees should be excessed first.

Since the judgment of Special Term directed a remedial procedure which reasonably implements the statute, we would affirm.

CALLAHAN and MOULE, JJ., concur with HANCOCK, JR., J. P.; DOERR and GREEN, JJ., dissent and vote to affirm the judgment in an opinion by DOERR, J.

Judgment reversed, on the law, without costs, and petition dismissed.