■ In the Matter of WILLIAM S. SCHIMMEL, Appellant, v BOARD OF EDUCATION, SOUTH KORTRIGHT CENTRAL SCHOOL DISTRICT, et al., Respondents. — Yesawich, Jr., J. Appeal from a judgment of the Supreme Court at Special Term (Ellison, J.), entered May 25, 1984 in Delaware County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent Board of Education to appoint petitioner as driver education teacher.

Until July of 1981, the Board of Cooperative Educational Services of the Second Supervisory District of Delaware, Greene, Schoharie and Otsego Counties (BOCES) employed petitioner as a tenured teacher of driver education. At that time, because of insufficient demand for the service from constituent school districts, including respondent Board of Education of the South Kortright Central School District (hereinafter respondent), BOCES abolished its driver education program. Being the least senior BOCES teacher in that tenure area, petitioner was excessed.

Respondent itself then offered driver education programs in the summers of 1981 and 1982 and appointed one Harry Nissen, a named respondent who has not appeared in this proceeding, as the instructor. Although respondent informed BOCES of its intention to provide the summer programs, BOCES neglected to inform petitioner of those possible openings. Petitioner, on the other hand, never inquired of BOCES regarding potential employment opportunities.

Thereafter, respondent chose to include driver education in its 1983-1984 curriculum. Unlike its hiring procedure the two prior summers, on this occasion respondent notified petitioner, by letter, of its tentative decision to offer driver education on a part-time basis. The letter further advised petitioner that the creation of a full-time position combining both driver education and industrial arts duties was under consideration. Petitioner applied for the driver education position but was rejected on the specific grounds that the open position was not similar to his earlier BOCES post and his performance with BOCES had not been faithful and competent. In fact, respondent appointed Nissen to the full-time dual position as a teacher of driver education and industrial arts.

Petitioner then commenced the instant CPLR article 78 proceeding to compel respondent to engage him as a part-time teacher of driver education. In its answer, respondent set forth various affirmative defenses, including assertions that the petition was untimely and that the reasons specified for rejecting his application were valid. Special Term agreed and dismissed the petition. This appeal ensued.

Initially, we note that this proceeding is not time barred. Petitioner's claim arose on July 18, 1983 when respondent declined to hire him, and service of his notice of claim, effected October 4, 1983, fell within the three-month Statute of Limitations imposed by Education Law § 3813 (1). Similarly, service of the notice of petition and petition on November 17, 1983 was accomplished during the four-month limitation period for the commencement of an article 78 proceeding (CPLR 217). Parenthetically, respondent's contention that petitioner's claim accrued when it first offered driver education in the summer of 1981 is unpersuasive. Not only does petitioner make no claim to the summer positions or wages lost therefrom, but the Education Law imposes no duty on excessed teachers to seek out potential teaching positions. Rather, the boards of cooperative educational services involved are obliged to notify teachers of openings occasioned by takeovers (Education Law § 3014-b; *Matter of Gill v Dutchess County Bd. of Coop. Educ. Servs.*, 99 AD2d 836, 837; *Koch v Putnam-Northern Westchester Bd. of Coop. Educ. Servs.*, 98 AD2d 311, 316-317, *lv dismissed* 63 NY2d 895).

With respect to the merits of the petition, there is no doubt that respondent has the obligation and authority to establish a curriculum for the school district (Education Law § 1709 [3], [33]; § 1804 [1]) and is empowered to consolidate or abolish teaching positions for efficiency or fiscal concerns. Those decisions are within the wide latitude accorded boards of education and are subject to being disturbed only if arbitrary, capricious or unlawful (*Matter of Young v Board of Educ.*, 35 NY2d 31, 34; *Matter of Rappold v Board of Educ.*, 95 AD2d 890). A petition challenging such discretionary decisions should be dismissed where any reasonable explanation of the conduct is shown (*Semple v Miller*, 38 AD2d 174, 176).

It is uncontroverted that respondent consolidated the driver education and industrial arts assignments to enable it to provide both courses during the 1983-1984 school year. In addition, given the State-wide shortage of certified industrial arts teachers, respondent feared that by offering Nissen, the industrial arts teacher, only part-time employment, he would be induced

into leaving the district's employ, thereby depriving the students of the industrial arts program. Additionally, scarce financial funds were conserved by the consolidation since, as stated in respondent's budget message, that consolidation "eliminated an extra expense during the summer". Because creation of a single full-time position encompassing instruction of industrial arts and driver education was a permissible exercise of respondent's broad discretion, it is apparent that petitioner's claim must fail for he concededly lacked the dual certification necessary for the full-time position. This requirement of certification in two distinct tenure areas rendered the new position dissimilar from the position that petitioner formerly held with BOCES for he had never taught, nor was he certified to teach, industrial arts (*see, Matter of Ward v Nyquist,* 43 NY2d 57, 63; *Matter of Kelley v Ambach,* 83 AD2d 733).

Nor was it improper for respondent to consider petitioner's prior performance with BOCES in its evaluation of his application. Education Law § 3014-b, on which petitioner relies for relief, parallels Education Law § 2510; both establish preferred eligible lists of excessed teachers to protect their tenure and seniority status following the abolition or consolidation of their positions (*see, e.g., Matter of Acinapuro v Board of Coop. Educ. Servs.,* 89 AD2d 329, 335-336; *Matter of Silver v Board of Educ.,* 46 AD2d 427, 430). The duly promulgated rules of the State Board of Regents expressly recognize that the mandate of Education Law § 2510 applies to a board of cooperative educational services, like BOCES, which has abolished tenure area positions (8 NYCRR 30.13). Education Law § 2510 (3) entitles an excessed teacher to fill a vacancy only if his previous service was faithful and competent. It would be incongruous and counterproductive to the goal of assuring fit teachers to preclude respondent from examining petitioner's past teaching performance when filling its current openings.

The record discloses that petitioner was disciplined in 1981 for sleeping in the driver education car on three separate occasions while a student was driving the vehicle. This obviously lends substance to respondent's conclusion that petitioner failed to perform his duties at BOCES competently. Since, as Special Term noted, a reasonable explanation exists for respondent's decision, dismissal of the petition was appropriate (*see, Semple v Miller,* 38 AD2d 174, 176, *supra*).

Judgment affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., Levine and Harvey, JJ., concur.