OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this memorandum.
 

 As the Commissioner concedes, the Utica City School District abolished petitioner’s probationary teaching position when Oneida-Herkimer-Madison Board of Cooperative Educational Services (BOCES) took over its Alternative Educational Program
 
 (see
 
 Education Law § 3014-a;
 
 Koch v Putnam-
 
 
 *665
 

 Northern Westchester Bd. of Coop. Educ. Servs.,
 
 98 AD2d 311, 315-316 [1984],
 
 lv dismissed
 
 63 NY2d 607, 895 [1984]). We reject the Commissioner’s and the District’s argument that, because he was afforded seniority rights under section 3014-a, petitioner received all the rights to which he was entitled
 
 (see Koch,
 
 98 AD2d at 315-316). Section 3014-a (4) provides that “ [t] his section shall in no way be construed to limit the rights of any of such employees set forth in this section granted by any other provision of law.” Thus, the existence of a teacher’s rights under section 3014-a does not preclude the existence of additional recall rights in the District under sections 2510 (3) and 3013 (3)
 
 (see Koch,
 
 98 AD2d at 315-316;
 
 Matter of Acinapuro o Board of Coop. Educ. Servs. of Nassau County,
 
 89 AD2d 329, 335-336 [1982]).
 

 Specifically, a teacher whose position has been abolished during a BOCES takeover of a school district program has the right to be placed on the school district’s preferred eligibility list for employment for seven years in accordance with sections 2510 (3) and 3013 (3), provided the teacher otherwise qualifies for the statutes’ benefits
 
 (see
 
 Education Law § 2510 [3]; § 3013 [3];
 
 Matter of Schimmel v Board of Educ., S. Kortright Cent. School Dist.,
 
 111 AD2d 966, 968 [1985]);
 
 see also Matter of Brewer v Board of Educ. of Plainview-Old Bethpage Cent. School Dist.,
 
 51 NY2d 855, 857 [1980]). Inasmuch as neither court below passed on whether petitioner so qualifies, we remit to Supreme Court for such further proceedings.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick,Wesley, Rosenblatt and Graffeo concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.