Robert P. Kennedy, J.
Petitioner, a teacher in the Greenwood Central School District since September, 1963 and having obtained tenure three years later, was advised by letter dated May 9, 1972 that his full-time position as teacher of business education was abolished and that a half-time business education position was being established. It is his claim that his full-time position was abolished because the business education program was to be taken over by the Board of Co-operative Educational ¡Services, Steuben County (hereinafter BOCES) and that, therefore, pursuant to the terms of section 3014-a of the Education Law he is entitled to a full-time position with BOCES. The matter was heard by another 'Justice of this court and was thereafter, because of the illness of that Justice, brought before me by stipulation to be determined upon the record, the pleadings and all proceedings theretofore had. Because of the pos *473 sible impact the decision might have on Bess Dusinherre it was ordered that she be given notice of the proceedings (Matter of Dreyfuss v. Board of Educ. of Union Free School Dist. No. 3, 42 A D 2d 845). .She has now appeared in the proceedings.
Petitioner, over the years, taught several different business courses. He did not teach the same courses every year but varied them so as to move students from basic courses to more advanced work. One year he would teach typing I and follow it with typing II the next year; shorthand I followed by shorthand II and so forth. The part-time position which replaced the full-time position would teach only two 'business courses, typing and general business.
The issues for resolution under section 3014-a are: (1) was tLer e a “take-over” of (2) the business “ program ” from Greenwood by BOOBS and, if so, (3) is petitioner entitled to a position with BOOBS.
I have no difficulty with the phrase ‘ ‘ take-over ’ ’. Take-over means to assume control of possession or responsibility for. (Northeastern Life Ins. Co. of N. Y. v. Gaston, 470 S. W. 2d 128, 131 [Tex.].) A definition of “ program ” as used in the statute is a little more difficult. There were as many definitions as there were witnesses on the hearing.
The Legislature has given us no clue as to what they intended when they used the word “ program ” in section 3014-a and the court’s duty is, of course, to ascertain and give effect to the intention of the Legislature (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 92, suibd. a).
Section 1950 of the Education Law, which established BOOBS, uses the work “ program ” in paragraph d of subdivision 4 to mean all services provided by BOOBS, so this can’t be the sense in which the word is used in section 3014-a. I find nothing in the commissioner’s rules and regulations which sheds light on the word’s meaning. I feel much as Mr. Justice Stewabt must have when he wrote in Jacobellis v. State of Ohio (378 U. S. 184), that he couldn’t define it but knew it when he saw it.
A reasonable definition of program in the context in which it is used in section 3014-a would seem to be a series of courses related to the occupation nr field for which the student has enrolled and which is sufficiently extensive and intensive within scheduled units of time extending over a period of one or more school .semesters to enable the student to develop competencies for advancing or continuing in that field.
Greenwood’s Supervising Principal frankly testified at the hearing that they were only offering the two introductory courses *474 because their students were able to get the advanced business courses through BOCES. He further testified, “ Yes, we are attempting to give the introductory courses which would tend to lean toward a vocational program.” (Emphasis added.)
Respondent Dusinberre has submitted, as part of her case, an affidavit of Gary J. Moore, Supervising Principal of Greenwood Central School, in which the emphasis is placed on the number of students taking business courses in his school rather than on the number of1 courses offered over a period of years. One is tempted to ask, after reading his affidavit, why petitioner’s full-time position was ever abolished since he claims more students are talcing these courses than there were ¡before petitioner’s position was terminated. Additionally, he gives no response to the testimony, which stands unrefuted and unchallenged, that prior to petitioner’s termination a regent’s program was offered in his school which is now no longer available because courses necessary for such program are now taught by BOCES, and there appears to be at least one inconsistency in his affidavit when he states that the last time shorthand II was taught was in 1967-68 while Exhibit No. 1 at the hearing shows that it was also taught in 1968-1969 and 1969-1970. Finally, I have difficulty with his affidavit in view of his testimony at the hearing to the effect that they were only teaching the two introductory courses because their students could get the advanced courses through BOCES.
Therefore, even though the two introductory courses, typing and general business, were retained by Greenwood, the fact that the other subjects such as shorthand I and II, typing II, vocational business, bookkeeping, business law, clerical practice I, and others, were no longer offered due to the fact that students yishing to take those courses could do so at BOCES amounts to a take-over of Greenwood’s business program within the meaning of the statute.
What effect does this have on petitioner ? Subdivision 1 of section 3014 — a says that a teacher employed in a program which is taken over shall be considered an employee of BOCES with the same tenure status he had in his former position but this statement is limited ;by the provision of subdivision 2. As I read subdivision 2, the teacher who seeks to come into BOCES because of a take-over competes only with other teachers seeking to come into BOCES because of a take-over and not with teachers already employed by BOCES, some of whom may well have less tenure than the applicant for a BOCES position,
*475 This I take to .be the meaning of the language in subdivision 2 which states that if the number of teachers eligible under subdivision 1 (programs taken over) is more than the number of positions open in BOCES, “ the services of the teachers having the least seniority in the school district or school districts or county vocational education and extension board whose programs are taken over by the board or boards of cooperative educational services within the tenure area of the position shall be discontinued.” (Emphasis mine.)
■Since there is nothing in the record to indicate that any teacher other than petitioner was affected by a take-over it would seem as though he should have a similar position in BOCES. This, however, is where Dusinberre comes in. In the school year 1971-1972 BOCES rented space from the Hornell School District for at least part of its business program. There were two persons teaching in the business program at its campus at Greenwood and three teaching in the program in the rented space at Hornell. One of the latter was Dusinberre. The BOCES program at Hornell was terminated at the end of 1971-1972 and everything was moved to the campus. BOCES needed three teachers. Two were already there and Dusinberre was taken to the campus to fill the third position. There Avas, therefore, a business teaching position open in BOCES in September, 1972. Dusinberre in the 1971-1972 school year taught 100% BOCES courses at the rented space in Hornell. The director of vocational education at BOCES testified that when they moved Dusinberre to its campus in September, 1972 they “ didn’t really consider ourselves as having a vacant position * * * Ave considered that Béss Dusinberre was following the courses from Hornell up to the campus. She taught them there; she Avould teach them on the campus ’ ’.
Although BOCES paid the Hornell District for Dusinberre’s services she received her pay from the Hornell District. She received her contract with BOCES for the 1972-1973 school year. Her contract and tenure lights were with the Hornell District prior to that contract. She was, therefore, not an employee of BOCES prior to the 1972-1973 school year but of the Hornell District. Additionally, the Hornell District’s business program was not taken over by BOCES but remains in the district.
From my reading of section 3014-a, as aforesaid, since there Avas a position open in BOCES following the take-over of GreenAvood’s program and there were no others in petitioner’s position in regard to that opening, the relief requested by petitioner must be granted.