■ In the Matter of RHODA SKLAR, Appellant, v BOARD OF COOPERATIVE EDUCATIONAL SERVICES OF NASSAU COUNTY et al., Respondents. — In a proceeding pursuant to CPLR article 78 seeking, *inter alia,* to compel the respondent Board of Cooperative Educational Services of Nassau County (BOCES) (1) to inform petitioner of her rights under section 3014-b of the Education Law; and (2) to appoint petitioner to service as a full-time teacher in the Freeport School District with back pay and emoluments of employment, petitioner appeals from a judgment of the Supreme Court, Nassau County (Vitale, J.), dated July 25, 1983, which dismissed the petition.

Judgment reversed, with costs, petition reinstated, and matter remitted to the Supreme Court, Nassau County, for further proceedings in accordance herewith.

Petitioner Rhoda Sklar was employed by BOCES as a teacher in the special education tenure area. BOCES offers cooperative or shared educational services and programs to its component school districts. During the 1981-1982 school year, respondent Freeport School District contracted with BOCES for the delivery of various services, including special education services.

In May, 1982, the Superintendent of Schools of the respondent school district informed BOCES that it was planning to withdraw some students from a number of different BOCES special education programs, that the planned withdrawals were recommended by the Freeport Committee on the Handicapped based on considerations that these particular students could be better provided for within the local school district, and that, in the opinion of the district, such withdrawals did not constitute a "takeover" of any BOCES program by the district. The Superintendent, nevertheless, requested a list of those BOCES special education teachers who would be excessed in June, 1982.

In June 1982, 14 students from the respondent district were enrolled in BOCES primary program for the noncategorically handicapped. Three of these students were withdrawn from BOCES and were placed in district-operated programs, effective September, 1982, leaving 11 students in the BOCES primary program. The district established a new teaching position within the special education tenure area effective September 1, 1982.

In or about June 1982, petitioner Sklar received notification from BOCES advising her that her teaching position had been eliminated effective on or about June 30, 1982. At no time did BOCES notify petitioner as to the cause of her being excessed nor did BOCES advise her of her rights under section 3014-b of the Education Law.

Petitioner contends that the school district took over a program formerly provided by BOCES when it withdrew three special education students, placed them in a similar program within the district, and appointed a new probationary teacher for its special education program. The district, however, insists that it did not take over the operation of a program formerly provided by BOCES, but simply altered its existing program for the education of certain handicapped students to a different and less restrictive program, in compliance with State and Federal law mandating that handicapped children be placed in the least restrictive program appropriate to their needs.

As this court stated in *Matter of Acinapuro v Board of Coop. Educational Servs.* (89 AD2d 329, 335), "where a component school district withdraws its students from a BOCES program and establishes an equivalent program of its own, it has taken over the program within the contemplation of section 3014-b of the Education Law (see *Matter of Owlett,* 16 Ed Dept Rep 317; see, also, *Matter of Angello v Board of Coop. Educational Servs.,* 80 Misc 2d 472, affd 55 AD2d 806)."

This court has previously approved of a procedure directing BOCES to notify teachers who were affected by a program "takeover" of the fact of the takeover (*Matter of Acinapuro v Board of Coop. Educational Servs., supra,* p 338). However, where, as here, the component school district has withdrawn only 3 students out of 14 in a program, whether or not a takeover has occurred is less obvious than in a situation where the district has withdrawn all or most of its students, particularly where, as here, the district informed BOCES that the withdrawals did not constitute a takeover of any BOCES program by the district. Accordingly, we reject petitioner's argument that BOCES had an affirmative duty to notify her that students had been withdrawn from the special education program (*Matter of Acinapuro v Board of Coop. Educational Servs., supra,* p 338).

However, insufficient facts were developed at Special Term concerning whether or not there was in fact a takeover (Education Law, § 3014-b). Therefore, we reverse the judgment appealed from, and remit the matter to Special Term for a hearing and new determination on that issue.

As our Court of Appeals has stated, "[t]he tenure statutes are intended to protect the teacher and not become a trap to those not guileful enough to avoid it" (*Matter of Baer v Nyquist,* 34 NY2d 291, 299). The determination of whether or not there has been a takeover will involve a detailed exploration into, *inter alia,* (1) the reasons why the three children were withdrawn from BOCES; (2) the program offered to these children at BOCES; (3) the program offered these children by the district on their return; (4) whether the program offered these children by the district was equivalent to the program offered by BOCES; (5) the reasons why the district hired a new probationary teacher; and (6) the reasons why petitioner was excessed by BOCES. Finally, Special Term must decide whether the decision by the school district, in deciding that section 3014-b of the Education Law did not apply, was correct (see *Matter of Barone v Board of Coop. Educational Servs.,* Supreme Ct, Suffolk County, Feb. 20, 1984, Lama, J.).

We note that the teacher presently occupying the position to which petitioner claims entitlement need not be joined as a necessary party (see *Matter of Lezette v Board of Educ.,* 35 NY2d 272). Gibbons, J. P., Brown, Niehoff and Boyers, JJ., concur.