■ In the Matter of JOAN HERRMAN et al., Appellants, v BOARD OF EDUCATION OF THE HALDANE SCHOOL DISTRICT et al., Respondents, et al., Respondents. [599 NYS2d 98] —In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the respondents Board of Education of the Haldane School District and the Board of Education of the Newburgh City School District to appoint the petitioner Joan Herrman to the full-time position as a conservation/horticulture teacher, and to appoint the petitioner Korynne Taylor to a full-time position as a guidance counselor, the petitioners appeal from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered March 6, 1991, which dismissed the proceeding.

Ordered that the judgment is affirmed, with one bill of costs.

The petitioners were employed by the Putnam-Northern Westchester Board of Cooperative Educational Services (hereinafter BOCES), one as a guidance counselor and the other as a conservation/horticulture teacher. In 1990 they were both informed by BOCES that the Board of Education of the Haldane School District (hereinafter Haldane) was going to be sending some of its occupational education students to the Newburgh School District (hereinafter Newburgh) instead of to BOCES, as it had previously done. A related result was the termination of the petitioner Taylor's position and a reduction of the petitioner Herrman's teaching services. BOCES placed Taylor on its preferred eligible list, and it placed Herrman on its seniority list. Pursuant to Education Law §§ 3014-b and 3014-d, the petitioners brought this proceeding, *inter alia,* to compel Haldane and Newburgh to appoint them to full-time positions or to place them on preferred eligible lists. Another

claim was made pursuant to Education Law § 3014-a, but it was withdrawn and need not be reviewed here.

We find that the Supreme Court properly dismissed the proceeding. Education Law § 3014-b (1) provides that "[i]n any case in which a school district duly takes over the operation of a program formerly provided by a board of cooperative educational services, each teacher employed in such a program by such a board * * * at the time of such takeover by the school district shall be considered an employee of such school district". The purpose of section 3014-b is to afford a BOCES teacher protection, consistent with his or her tenure and seniority status, when his or her other position is affected by a takeover of a BOCES program (see, Matter of Acinapuro v Board of Coop. Educ. Servs., 89 AD2d 329, 336; Matter of Buenzow v Lewiston-Porter Cent. School Dist., 101 AD2d 30, 35, affd 64 NY2d 676). Here, however, there was no "takeover" of the BOCES program.

It is well settled that "where a component school district withdraws its students from a BOCES program and establishes an equivalent program of its own, it has taken over the program within the contemplation of section 3014-b of the Education Law" (Matter of Acinapuro v Board of Coop. Educ. Servs., supra, at 335; Koch v Putnam-N. Westchester Bd. of Coop. Educ. Servs., 98 AD2d 311, 315; Matter of Sklar v Board of Coop. Educ. Servs., 104 AD2d 622, 623). Although Haldane removed 15 of its students from BOCES, it did not "take over the operation" of the BOCES program by establishing an "equivalent program of its own". Rather, it determined that the commute from Haldane to BOCES was too lengthy, so it decided to send the students to Newburgh instead. Furthermore, it cannot be said that Newburgh took over the BOCES program either. It did not withdraw any of its own students from the BOCES program; rather, it simply received 15 Haldane students into its previously operating occupational education program. It is noted that Newburgh did not hire any additional teachers to accomplish this absorption. In light of these facts, the petitioners had stated no cause of action pursuant to Education Law § 3014-b.

Furthermore, the petitioners failed to state a cause of action pursuant to Education Law § 3014-d. Specifically, they were not employed by the "sending district" Haldane; rather, they were employed by BOCES (see, Education Law § 3014-d [1], [2]). Balletta, J. P., Rosenblatt, Miller and Joy, JJ., concur.