■ In the Matter of CYNTHIA M. COOPER et al., Appellants, v BOARD OF EDUCATION OF SCHENENDEHOWA CENTRAL SCHOOL DISTRICT et al., Respondents. [615 NYS2d 135] —Cardona, P. J. Appeal from a judgment of the Supreme Court (Viscardi, J.), entered June 7, 1993 in Saratoga County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* compel respondent Board of Education of Shenendehowa Central School District to comply with the provisions of Education Law § 3014-b.

Petitioners are certified teachers who taught courses in the Saratoga-Warren Counties Board of Cooperative Educational Services (hereinafter BOCES) program, of which the Shenendehowa Central School District (hereinafter the District) was a component district. Prior to the end of the 1991-1992 school year, respondent Board of Education of Shenendehowa Central School District (hereinafter the Board) apparently notified BOCES that the District was discontinuing its participation in the BOCES programs in the areas taught by petitioners, namely Construction Trades, Vehicle Maintenance/Auto Mechanics and Unique Placement/Success. Ultimately, BOCES abolished or reduced the positions held by petitioners. In June 1992, the Board approved two new technology education programs for the District's 1992-1993 school year, Construction Systems Technology and Automotive Systems Technology, and

two new business education programs, the Career Exploration Internship and Business Information Processing.

Alleging that the new technology education and business education programs instituted by the Board constituted a "takeover" of programs formerly operated by BOCES, petitioners thereafter commenced this CPLR article 78 proceeding naming as respondents the Board and three District teachers who currently staff the positions created for these programs. Petitioners asserted violations of Education Law § 3014-b, which details the rights of excessed BOCES teachers, and sought to, *inter alia,* compel the Board to hire them as teachers. Finding that a takeover did not occur as contemplated by Education Law § 3014-b, Supreme Court dismissed the petition. This appeal by petitioners followed.

We affirm. It is settled law that "where a component school district withdraws its students from a BOCES program and establishes an *equivalent* program of its own, it has taken over the program within the contemplation of [Education Law § 3014-b]" *(Matter of Acinapuro v Board of Coop. Educ. Servs.,* 89 AD2d 329, 335 [emphasis supplied]; *accord, Matter of Herrman v Board of Educ.,* 194 AD2d 673, 674). In order to determine whether such a takeover has occurred, certain relevant factors should be considered, including (1) the reason why the school district withdrew from the BOCES program, (2) the program offered by BOCES, (3) the new program offered by the school district, (4) whether the programs are equivalent, (5) the reasons why the school district may have hired new probationary teachers, and (6) the reasons why the BOCES teachers were excessed *(see, Matter of Sklar v Board of Coop. Educ. Servs.,* 104 AD2d 622, 624).

Upon examination of these and other factors in the present case, we conclude that Supreme Court correctly found that petitioners did not establish that a takeover occurred *(see, Matter of Herrman v Board of Educ., supra).* Notably, respondents aver that the new District programs were designed "to improve the instructional offerings * * * by developing programs that were significantly different from those available through [BOCES]". Respondents submitted virtually undisputed proof that the District and BOCES programs are similar in name only and that the programs have different course contents, different State-approved curricula and different benefits with respect to what credit can be applied toward graduation and future college admission. Moreover, the programs require teacher certification in different tenure areas.

Significantly, the Board did not hire new probationary

teachers to fill the positions created by the program *(cf., Matter of Sklar v Board of Coop. Educ. Servs., supra,* at 623; *Matter of Acinapuro v Board of Coop. Educ. Servs., supra,* at 331, 336), but instead filled the positions with teachers already on staff. With respect to the issue regarding why the BOCES teachers were excessed, we note that the only evidence in the record on this point is the general statement that the positions were being abolished "due to declining enrollment", a situation that cannot be attributed to respondents since only a handful of former BOCES students went on to participate in the District's new programs.

In light of our determination of the foregoing issue, the remaining arguments raised by the parties need not be addressed.

White, Weiss, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.