■ In the Matter of ELIZABETH G. QUATTRONE, Appellant, v NEW YORK STATE EDUCATION DEPARTMENT et al., Respondents. [829 NYS2d 288]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 25, 2005 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education regarding petitioner's tenure employment.

In July 2003, petitioner, a tenured teacher employed by respondent Erie 2 Chautauqua-Cattaraugus Board of Cooperative Educational Services (hereinafter BOCES) who was assigned to teach gifted and talented students at various component school districts, was notified that her appointment was being excessed due to lack of interest in the gifted and talented program. Chautauqua Lake Central School District and Dunkirk City School District were two such component school districts who cancelled their BOCES contracts for gifted and talented services. Petitioner was then placed on a preferred eligibility list at each of these districts but was never thereafter contacted by either for employment. Alleging that both school districts transferred the functions formerly performed by her to other teachers (i.e., that these school districts "took over" the operation of the BOCES gifted and talented program) without offering her such available employment, petitioner filed a petition with respondent Commissioner of Education contending that she had a legal right to employment with them pursuant to

Education Law § 3014-b, which details the rights of excessed BOCES teachers.* The Commissioner dismissed the petition, finding no alleged takeover. Petitioner then commenced the instant CPLR article 78 proceeding, which was dismissed by Supreme Court. She now appeals.

We affirm. "[W]here a component school district withdraws its students from a BOCES program and establishes an *equivalent* program of its own, it has taken over the program within the contemplation of [Education Law § 3014-b]" (*Matter of Cooper v Board of Educ. of Shenendehowa Cent. School Dist.*, 206 AD2d 811, 812 [1994] [citations omitted]; *see Matter of Acinapuro v Board of Coop. Educ. Servs. of Nassau County*, 89 AD2d 329, 335 [1982]). In making a determination of whether such a takeover has occurred, numerous factors are to be considered, including a school district's reason for withdrawing from a BOCES program, a comparison of the two programs, the reason that a BOCES teacher was excessed and the rationale behind any new probationary hires by the school district (*see Matter of Cooper v Board of Educ. of Shenendehowa Cent. School Dist., supra* at 812; *Matter of Sklar v Board of Coop. Educ. Servs. of Nassau County*, 104 AD2d 622, 624 [1984]). Upon our examination of these factors, we conclude that petitioner failed to establish that a takeover occurred by either Chautauqua Lake or Dunkirk City.

For example, with respect to Chautauqua Lake, while it did develop an enrichment program following its discontinuance of the BOCES gifted and talented program, the two programs were simply not equivalent (*see Matter of Cooper v Board of Educ. of Shenendehowa Cent. School Dist., supra*). The newly-established enrichment program was more extensive in that it was available to all students, not just those identified as "gifted," took into account numerous factors in determining which students would be considered for it and offered flexibility in terms of scheduling. Moreover, unlike the BOCES program, the enrichment program paralleled general classroom instruction and featured field trips and classroom presentation components. As to Dunkirk City, following its discontinuance of the BOCES gifted and talented program, it had no program whatsoever earmarked for gifted and talented education but rather embedded such education into their general curriculum and within the regular classroom setting.

---

* Of note, although petitioner claimed that both school districts took over the gifted and talented program from BOCES, she was only "request[ing] reinstatement to a full time position . . . by appointment to a position in the Dunkirk [City] School District."

It was further established that neither school district hired a new teacher to replace petitioner following discontinuance of their BOCES contracts. In particular, Chautauqua Lake did not hire a new person to teach the enrichment program; rather, it added this program to the duties of an existing teacher (*see* 206 AD2d at 813). Moreover, Chautauqua Lake successfully established that it withdrew from the BOCES program because it was not pleased with certain aspects of it, while Dunkirk City successfully established that it discontinued the program due to the high cost of maintaining it. In short, upon our review of the record, there was no takeover of the BOCES program and Supreme Court therefore properly dismissed this proceeding.

Petitioner's remaining contentions, to the extent preserved for review, are either academic or without merit.

Cardona, P.J., Peters, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.