Burke, J.
Petitioner was engaged as a- probationary teacher in the respondent’s school system in September, 1965. On April 23, 1968, respondent accepted the recommendation of its Superintendent of Schools and appointed petitioner to tenure. Then the superintendent notified petitioner on April 29, 1968, that tenure would become effective on July 1, 1968. Petitioner was notified of his projected salary schedule on May 3, 1968, and accepted in writing.
By letter dated May 24, 1968, petitioner was notified that on May 21, 1968, respondent had rescinded its previous appointment to tenure. No reasons for this action were given.
Whether the tenure notice was effective and binding, the determinative question on this appeal, depends upon respondent’s power to make such an appointment prior to the expiration of the three-year probationary period. Section 3012 of the Education Law provides, in pertinent part, as follows: “2. At the expiration of the probationary term of a person appointed for such term, subject to the conditions of this section, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory * * * Each person who is not to be recommended for appointment on tenure, [sic] shall be so notified by the superintendent of schools not later than sixty days immediately preceding the expiration of his probationary period.”
Respondent argues that the statute should be applied literally and that the notice was without effect until the expiration of the probationary term. Reliance is placed upon Matter of High v. Board of Educ., (169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815). That case was decided in 1939, 13 years before the 60-day notice provision was added. (L. 1952, ch. 407.) Its reasoning is, therefore, inapposite.
We hold that the statute does not forbid the offer of an appointment to tenure prior to the expiration of the probationary period and that the acceptance of the offer as well as the salary stated made the conferral of tenure herein effective.
A probationary period is required so that school districts may ascertain which teachers are ‘1 competent, efficient and satisfactory ” (Education Law, § 2509, subd. 2; § 3012, subd. 2; § 3014, subd. 2) prior to appointing them to tenure. Because *477 districts select their staffs each spring for the succeeding school year, it became apparent that permitting them to inform teachers on the last day of the probationary period that they would not be retained was unfair. Each tenure section, therefore, provides for a notice of at least 60 days (Education Law, § 2509, subd. 1; § 3012, subd. 2; § 3013, subd. 2; § .3014, subd. 2).
The statute requires a decision at least 60 days before the end of the probationary period. We see no purpose in requiring the district to withhold its favorable determinations until the last day. Indeed, in all of the other tenure sections, the Legislature specifically so provided (Education Law § 2509, subd. 2; § 3013, subd. 2; § 3014, subd. 2), and, insofar as it is practicable, these sections should be applied consistently.
Respondent received the report of its superintendent as to the qualifications of petitioner, considered it and informed petitioner of his appointment to tenure. It then informed him of his projected salary schedule, and he signed his acceptance. Nothing was left to be done. The appointment to tenure was complete and may not be revoked.
Accordingly, the order of the Appellate Division should be reversed and the petition granted.
Chief Judge Fuld and Judges Scileppi and Gibson concur with Judge Burke; Judges Breitel and Jasen dissent and vote to affirm on the opinion at Special Term; Judge Bergan taking no part.
Order reversed, with costs, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.