■ In the Matter of IRMA ROSCHELLE, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered June 18, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to annul that portion of the decision of respondent which failed to order petitioner's reinstatement as a teacher with tenure. Petitioner Irma Roschelle commenced a three-year probationary appointment in the East Williston Union Free School District in September, 1970 and served in such capacity during the 1970–1971, 1971–1972 and 1972–1973 school years. She was informed by letter dated March 22, 1973, from the superintendent of schools, that her services would be terminated effective June 22, 1973, as a result of the abolition of an instructional position within her tenure area. On June 4, 1973, the board accepted the recommendation to terminate her services, effective with the end of the school year. She appealed to the Commissioner of Education

seeking reinstatement on the ground her dismissal was arbitrary and that it was in violation of seniority rights granted under section 2510 of the Education Law. By decision dated May 13, 1974, the commissioner sustained petitioner's appeal finding the district violated section 2510 of the Education Law but declined to order her reinstatement. The commissioner ordered that the district superintendent comply with the provisions of section 3012 of the Education Law, regarding granting or denying petitioner tenure and, further, directed that petitioner be compensated for the period which she had been removed from the payroll. Petitioner was subsequently notified that she would not be recommended for tenure by the superintendent of schools and her employment terminated upon receipt of such notice. The commissioner in his decision (13 Ed Dept Rep 253, 255) stated that reinstatement of petitioner would be: " 'violative of a well-settled principle that tenure laws are in derogation of the common-law right of a public employer to engage public employees and should be strictly construed so as not to divest or interfere with a board of education's appointive power in the sensitive area of teacher selection on purely technical grounds' ". The commissioner, also, stated that "tenure by acquiescence is an equitable doctrine which clearly cannot be imposed upon respondent in the instant case." Special Term dismissed the petition on the ground that respondent's decision was within his power as a quasi-judicial officer and that his interpretation and application of the pertinent law was not unreasonable or purely arbitrary.* Petitioner's argument on this appeal is that the commissioner, having found a violation of subdivision 2 of section 2510 of the Education Law was required to reinstate petitioner to her position in compliance with the provisions of section 3031 of the Education Law and that his failure to do so was arbitrary and constituted an error of law. We agree. Section 3031 of the Education Law mandates the procedure to be followed when tenure is not to be granted at the conclusion of a probationary period or when services are to be discontinued. Notice of the recommendation and date of the meeting is to be given to such teacher at least 30 days prior to the board of education meeting at which the recommendation to deny tenure is to be considered. The teacher may then request a written statement giving the reasons for such recommendation and thereafter, file a response to the statement. Here, the commissioner, in his decision, failed to take into consideration the lack of compliance with these statutory notice requirements. This was error and the judgment of Special Term is reversed. Judgment reversed, on the law and the facts, without costs, and petition granted to the extent of reinstating petitioner *nunc pro tunc* as of June 22, 1973 to her position as an intermediate teacher with back pay and benefits that she would have earned from the effective date of the purported termination of her services as a probationary teacher until such time as the requirements of sections 3012 and 3031 of the Education Law have been complied with, less any earnings which petitioner may have had from other employment during the period in question. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.

---

* The instant case was decided below in a common decision with *Matter of Leitner v Nyquist* (61 AD2d 1051).