■ In the Matter of LYNN COSTELLO, as President of the East Islip Teachers Association, et al., Respondents, v BOARD OF EDUCATION OF THE EAST ISLIP UNION FREE SCHOOL DISTRICT, Appellant. [673 NYS2d 468] —In a proceeding pursuant to CPLR article 78, *inter alia,* to annul a resolution of the Board of Education of the East Islip Union Free School District dated July 3, 1996, and to enjoin it from requiring prospective teachers to execute waivers of their tenure rights as a condition of obtaining employment, the appeal is from a judgment of the Supreme Court, Nassau County (Kohn, J.), dated May 20, 1997, which granted the petition.

Ordered that the judgment is affirmed, with costs to the respondents.

The appellant Board of Education of the East Islip Union Free School District (hereinafter the Board) correctly contends that a teacher's rights with respect to tenure are waivable when the waiver is freely, knowingly, and openly arrived at without the taint of coercion or duress (*see, Matter of Feinerman v Board of Coop. Educ. Servs.,* 48 NY2d 491; *Matter of Abramovich v Board of Educ.,* 46 NY2d 450, cert denied 444 US 845; *Matter of Moore v Board of Educ.,* 116 AD2d 273). This does not, however, give the Board the authority to eliminate the tenure system altogether.

The tenure system is a legislative expression of a firm public

policy determination that the interests of the public in the education of our youth can best be served by a system designed to foster academic freedom and to protect competent teachers from the threat of arbitrary dismissal (*see, Ricca v Board of Educ.,* 47 NY2d 385). The system proposed by the Board, i.e., tenure by contract terminating automatically at the expiration of the contract, is the very system sought to be eliminated by the enactment of the tenure statutes of the Education Law and the change to a system of permanence (*see,* Education Law § 3012; *Matter of Carter v Kalamejski,* 255 App Div 694, *affd* 280 NY 803). Accordingly, the resolution implementing this system was improper and the petition was properly granted.

In light of the foregoing determination, the Board's remaining contentions need not be addressed. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.