■ In the Matter of JILL REMUS, Appellant, v BOARD OF EDUCATION FOR TONAWANDA CITY SCHOOL DISTRICT, Respondent. [715 NYS2d 130] —Judgment affirmed without costs. Memorandum: Supreme Court properly dismissed the petition seeking to annul the determination rescinding the conditional tenure appointment of petitioner and terminating her employment. Petitioner was appointed to a probationary position effective September 5, 1995. On June 4, 1998, respondent passed a resolution, on the recommendation of the Superintendent of Schools, to appoint her to a tenured position "effective

September 2, 1998." Approximately two weeks after the resolution was passed, school authorities learned of misconduct by petitioner. Petitioner admitted the misconduct and an investigation into the incident began. As a result of that misconduct, petitioner was offered an additional year as a probationary teacher on August 31, 1998. She rejected that offer and respondent voted later that day to rescind the conditional tenure appointment. Petitioner was terminated with 60 days' pay.

We reject the contention of petitioner that she was a tenured employee as of August 31, 1998 and could not be terminated without affording her the due process rights provided by the Education Law. Respondent contends that tenure had not yet been granted. We agree with respondent. There may be an offer and acceptance of tenure before expiration of the probationary period, in which case tenure and all its corresponding benefits will be conferred (*see, Matter of Weinbrown v Board of Educ.*, 28 NY2d 474, 476; *see also, Matter of Roberts v Community School Bd.*, 66 NY2d 652, 655). Here, however, respondent rescinded the conditional tenure appointment during the probationary period before an offer or acceptance and thus petitioner was never granted tenure (*see, Board of Educ. v Byram Hills Teachers' Assn.*, 74 Misc 2d 621, 623, *affd* 43 AD2d 1020; *Matter of Mulholland v Board of Educ.*, 70 Misc 2d 852, 857, *affd* 41 AD2d 704). Petitioner's reliance on a letter from the principal is misplaced. There was no offer of tenure from the Superintendent of Schools or respondent, and only they were authorized to confer tenure (*see,* Education Law § 2509). The further contention of petitioner that her silence constituted acceptance under Education Law § 3019-a is improperly raised for the first time on appeal because it is not "[a] question of law appearing on the face of the record * * * [that] could not have been avoided by the opposing party if brought to that party's attention in a timely manner" (*Oram v Capone,* 206 AD2d 839, 840).

All concur except Green, J. P., and Hayes, J., who dissent and vote to reverse in the following Memorandum.

Green, J. P., and Hayes, J. (dissenting). We respectfully dissent. On June 4, 1998, respondent followed the recommendation of its Superintendent and passed a resolution appointing petitioner on tenure (*see,* Education Law § 2509 [2]). Although petitioner's tenure was not effective until September 2, 1998, the appointment on tenure was binding on the date of the resolution (*see, Matter of Weinbrown v Board of Educ.,* 28 NY2d 474, 477; *see also, Matter of Marcus v Board of Educ.,* 64 AD2d 475, 477), and respondent was without power unilaterally to

rescind the appointment (*see, Matter of Cummings v Board of Educ.,* 278 App Div 874). Contrary to the majority's position, the appointment was not conditional. Nothing in respondent's resolution makes the appointment conditional upon the communication by petitioner of her acceptance of the appointment. Nor does Education Law § 2509 (2) provide for either an offer of an appointment on tenure by respondent or an acceptance of such an offer by petitioner. Rather, the statute simply and clearly extends to respondent the authority to "appoint on tenure" at the expiration of a teacher's probationary term or within six months prior thereto (Education Law § 2509 [2]). Once respondent exercised that authority, based upon its favorable evaluation of petitioner's performance during the probationary term, the appointment was final and "[n]othing was left to be done" with respect to the appointment (*Matter of Weinbrown v Board of Educ., supra,* at 477; *see, Matter of Marcus v Board of Educ., supra,* at 477). Specifically, there was no need for the parties to enter into the type of contractual relationship espoused by the majority to finalize the tenure appointment (*see generally, Walcott v Fisher,* 274 App Div 339, 341, *affd* 299 NY 688; *Matter of Costello v Board of Educ.,* 250 AD2d 846, 846-847; *Matter of Moritz v Board of Educ.,* 60 AD2d 161, 166).

Because petitioner enjoyed the benefits of tenure, respondent could not terminate her employment without the due process protections afforded to her by the Education Law (*see,* Education Law §§ 3020, 3020-a). We therefore would reverse and grant the petition. (Appeal from Judgment of Erie County Court, Burns, J.—CPLR art 78.) Present—Green, J. P., Pine, Hayes, Hurlbutt and Kehoe, JJ.