OPINION OF THE COURT
Levine, J.
These cases present the common threshold issue whether, under the provisions of Education Law § 2509,* a Board of *274 Education resolution that grants tenure to a teacher effective on a specified future date immediately entitles that teacher to the benefits of tenure. We conclude that a teacher granted tenure effective on a future date is not entitled to the benefits of tenure until the effective date specified in the resolution.
Facts and Procedural History

Matter of Remus

Respondent Board of Education of the Tonawanda City School District appointed petitioner Jill Remus as a secondary school teacher of foreign languages “effective September 5, 1995,” subject to a three-year probationary period. On June 4, 1998, upon the recommendation of the Superintendent of Schools, the Board appointed Remus “to a tenured position effective September 2, 1998.”
Shortly thereafter, the Principal questioned Remus about allegations that she had joined students in drinking alcoholic beverages while acting as a chaperone during a school-sponsored exchange program in Costa Rica. Although she initially denied the allegations, Remus ultimately admitted that she engaged in such behavior despite the school’s “zero tolerance” policy toward alcohol consumption at school-sponsored events. On August 31, 1998, the Superintendent of Schools offered Remus the opportunity to extend her probationary period for an additional year. Later that day, after Remus declined the offer, the Board passed a resolution rescinding its “conditional tenure appointment” and terminated Remus’ employment as a probationary teacher.
Remus then commenced this CPLR article 78 proceeding seeking to annul the Board’s determination on the ground that the Board granted her tenure on June 4, 1998 and that she was therefore subject to dismissal only after a formal disciplinary proceeding pursuant to Education Law § 3020-a. In support of her position, Remus argued that her annual performance evaluation for the 1997-1998 school year indicated she had tenure. She also noted that, despite the incident in Costa Rica, the Principal sent her a copy of her 1998-1999 teaching schedule.
Supreme Court dismissed the petition, holding that the June 4, 1998 resolution constituted a “conditional” grant of tenure that could be rescinded before its effective date. The Appellate Division affirmed, with two Justices dissenting (277 AD2d 905). Citing Matter of Weinbrown v Board of Educ. (28 NY2d 474), *275 the majority concluded that tenure could be conferred before the expiration of the probationary period only through a formal offer and acceptance of tenure. The majority held that Remus was not granted tenure in this case because the Board “rescinded the conditional tenure appointment during the probationary period before an offer or acceptance.” The dissent, on the other hand, opined that Remus enjoyed the benefits of tenure as a result of the Board’s June 4, 1998 resolution and that no contractual relationship was needed to finalize the tenure appointment. Remus now appeals to this Court as of right pursuant to CPLR 5601 (a).

Shaffer v Schenectady City School District

Defendant Schenectady City School District appointed plaintiff Sharon Shaffer as a special education teacher for a three-year probationary period commencing September 1, 1995. In March 1998, the District Superintendent informed Shaffer that, based on her excessive absences from work, he would be recommending to defendant Schenectady City School District Board of Education that her services be discontinued as of June 30, 1998.
On May 29, 1998, the Superintendent submitted a report to the Board containing an agenda for its next meeting. Among other things, the report recommended that the Board approve the appointments on tenure listed in a proposed resolution, which stated that in “accordance with the recommendation of the Superintendent of Schools * * * the person whose name is set forth below is hereby appointed on tenure effective on the date set forth below.” That sentence was followed by a list of 33 persons recommended for tenure. Shaffer’s name was included on the list, with an effective tenure date of September 1, 1998. On June 2, 1998, the Board passed the resolution, which was then disseminated to the public.
Thereafter, asserting that Shaffer’s name was included on the tenure recommendation list because of a clerical error, the Superintendent informed her that the Board would rescind the June 2 resolution unless she agreed to resign, which she refused to do. At a special meeting held on June 17, 1998, the Board passed a resolution “rescinding tenure” on the ground that the prior resolution “contained a clerical error.” The Board subsequently passed a new resolution granting tenure to teachers on a revised list, which excluded Shaffer’s name.
Shaffer then commenced this action in the United States District Court for the Northern District of New York, alleging, *276 among other things, that the Board granted her tenure when it passed the June 2 resolution and, thus, she was entitled to the procedural protections afforded tenured teachers by the Education Law before her employment could be terminated. The District Court denied defendants’ motion to dismiss the complaint pursuant to rule 12 (b) (6) of the Federal Rules of Civil Procedure and granted Shaffer’s cross motion for partial summary judgment, holding that defendants’ failure to provide Shaffer with procedural due process rendered invalid the “revocation of her tenure.” The District Court ordered Shaffer reinstated with back pay and otherwise continued the action for a determination of damages.
On defendants’ appeal, the United States Court of Appeals for the Second Circuit concluded that an unsettled question exists under New York law as to whether a School Board resolution stating that tenure is to be effective on a future date nonetheless immediately entitles the recipient to the protections accorded to tenured teachers under the Education Law. The Second Circuit also found that an open question exists concerning whether a clerical error could in fact result in a grant of tenure and, if so, whether such tenure lawfully could be revoked. Thus, the court certified to us the following questions:
“a. Did the Board’s action of June 2, 1998, give Plaintiff entitlement to the protections accorded tenured teachers under the Education Law?
“b. If so, did the Board’s action of June 17, 1998, constitute a lawful revocation of Plaintiff’s tenure?”
We accepted certification (96 NY2d 815) and now answer the first question in the negative.
Analysis
The Education Law draws a distinction between probationary teachers and tenured teachers. Probationary teachers can be terminated at any time during the probationary period, for any reason and without a hearing (see, Education Law § 2509 [1] [a]; § 3014 [1]; see also, Matter of Speichler v Board of Coop. Educ. Servs., 90 NY2d 110, 114). By contrast, tenured teachers hold their positions during good behavior and competent service, and are subject to dismissal only after formal disciplinary proceedings (see, Education Law § 2509 [2]; § 3020-a).
The controlling tenure statute in these two cases, Education Law § 2509, provides:
“2. At the expiration of the probationary term of *277 any persons appointed for such term, or within six months prior thereto, the superintendent of schools shall make a written report to the board of education recommending for appointment on tenure those persons who have been found competent, efficient and satisfactory. By a majority vote the board of education may then appoint on tenure any or all of the persons recommended by the superintendent of schools. Such persons * * * shall hold their respective positions during good behavior and efficient and competent service, and shall not be removable except for cause after a hearing as provided by [Education Law § 3020-a]” (emphasis supplied).
The petitioner in Remus and the plaintiff in Shaffer contend that they were appointed to tenure under this statute and thus are “[s]uch persons” whose employment could not be terminated except for cause after a hearing. Relying on our decision in Weinbrown, however, the Appellate Division majority in Remus concluded — and defendants in Shaffer now urge — that a formal offer and acceptance of tenure was required for tenure to be granted before the expiration of the three-year probationary period. While we agree with the result, we disagree with the Appellate Division’s reliance on Weinbrown in reaching it.
In Weinbrown, we held that the Board had the power to appoint petitioner to tenure prior to the expiration of his probationary period even though the governing statute in that case, Education Law § 3012, only provided that the Superintendent of Schools could recommend probationary teachers for appointment on tenure “[a]t the expiration of the probationary term” (28 NY2d, at 476). The Court determined that “the statute d[id] not forbid the offer of an appointment to tenure prior to the expiration of the probationary period and that the acceptance of the offer as well as the salary stated made the conferral of tenure * * * effective” (id.).
By contrast to the statute at issue in Weinbrown, Education Law § 2509 explicitly authorizes the Board to award tenure before the expiration of the probationary period. The statute specifically vests the Superintendent with the power to recommend a teacher for tenure either at the end of the probationary period (like the statute in Weinbrown) or “within six months prior thereto” (Education Law § 2509 [2] [emphasis supplied]). The Board may then immediately vote to appoint such persons “on tenure” (id.). The statute does not require a formal offer *278 and acceptance and, given the express grant of power to make tenure appointments before the end of the probationary period, no reason exists to inject such a requirement into the statute.
On the other hand, contrary to the petitioner’s argument in Remus, Weinbrown does not compel the conclusion that a Board resolution grants tenure immediately even when the resolution specifically directs that tenure shall become effective on a later date. Weinbrown does not specify whether the Board in that case granted tenure to be effective on a future specified date and, thus, cannot stand for the proposition Remus now urges.
Deciding the issue not addressed in Weinbrown, we now conclude that a Board resolution granting a probationary teacher tenure effective on a future date (one set either to coincide with the end of or to occur before the end of that teacher’s probationary period) confers tenure upon the teacher only as of that specified future date. Education Law § 2509 does not prohibit the Board from making a deferred award of tenure and, if anything, the language and structure of the statute, as well as the policies underlying it, support the conclusion that the Board has the power to make such an award.
A probationary period is required so that school districts may ascertain which teachers are “competent, efficient and satisfactory” (Education Law § 2509 [2]). Although the statute authorizes the Superintendent to make a tenure recommendation up to six months before a teacher’s probationary period expires, the Superintendent is not required to do so and may withhold such a recommendation until “the expiration of the probationary term” (id.). Moreover, irrespective of the timing of the Superintendent’s recommendation, the Board also may wait until the expiration of the probationary period before appointing a probationary teacher “on tenure” (id.). Thus, the statute explicitly contemplates that the Board is entitled to the full three-year probationary period before making a binding tenure decision with respect to a teacher.
Allowing the Board to appoint teachers to tenure effective at a specified future date fosters the policies underlying the probationary period requirement, thus helping to ensure that only qualified teachers are hired. At the same time, such a conditional appointment on tenure serves the salutary goal of providing probationary teachers and school districts with notice of the Board’s intent to confer tenure upon the successful completion of probation, thereby allowing the teachers and schools to plan and prepare for the upcoming school year. In *279 light of our ruling in this respect, we need not address the parties’ remaining arguments, including the Shaffer defendants’ argument that the Board lacked the power to appoint Shaffer on tenure absent the Superintendent’s recommendation that she be so appointed.
Accordingly, in Matter of Remus, the order of the Appellate Division should be affirmed, with costs. In Shaffer, the first certified question a. should be answered in the negative and the second certified question b. not answered as unnecessary.
Chief Judge Kaye and Judges Smith, Ciparick, Wesley, Rosenblatt and Graffeo concur.
In Matter of Remus v Board of Educ.: Order affirmed, with costs.
In Shaffer v Schenectady City School Dist.: Following certification of questions by the United States Court of Appeals for the Second Circuit and acceptance of the questions by this Court pursuant to section 500.17 of the Rules of the Court of Appeals (22 NYCRR 500.17), and after hearing argument by counsel for the parties and consideration of the briefs and the record submitted, certified question a. answered in the negative and certified question b. not answered as unnecessary.

 Section 2509 is part of article 51 of the Education Law, which “shall apply to the school district of each city which * * * has less than one hundred twenty-five thousand inhabitants” (Education Law § 2501).