[733 NYS2d 821]

In the Matter of JOSEPH T. BOJARCZUK, Appellant, v RICHARD P. MILLS, as Commissioner of Education of the State of New York, et al., Respondents.

Third Department, December 13, 2001

### APPEARANCES OF COUNSEL

*James R. Sandner*, Albany (*Kevin H. Harren* of counsel), for appellant.

*Eliot Spitzer, Attorney General,* Albany (*Kathleen M. Treasure* of counsel), for Richard P. Mills, respondent.

*Donald R. Gerace,* Utica, for Board of Education of the Utica City School District and others, respondents.

### OPINION OF THE COURT

PETERS, J.

Petitioner, a mathematics teacher provisionally certified to teach students in grades 7 through 12, was hired by respondent Board of Education of the Utica City School District (hereinafter the Board) in March 1995 on a probationary basis. Recalled as a mathematics teacher in its alternative education program, petitioner taught for the entire 1995-1996 school year and, by agreement dated January 11, 1996, his probationary term was extended until January 12, 1997. At the end of the 1995-1996 school year, the Utica City School District (hereinafter District) contracted with the Oneida-Herkimer-Madison Board of Cooperative Educational Services (hereinafter BOCES) for the operation of its alternative education program. Pursuant to Education Law § 3014-a, BOCES offered petitioner a full-time position as a mathematics teacher commencing September 1, 1996 which he accepted. Thereafter, his probationary period was extended, by consent, to June 30, 1997. On February 15, 1997, prior to the conclusion of the extended probationary period, petitioner was terminated from his employment with BOCES. He did not challenge that determination.

In June 1997, a vacancy was created in the District when one of its secondary mathematics teachers retired. Kathleen Capozzella was hired to fill the vacancy, prompting petitioner to seek reappointment to that position by asserting that, due to his layoff with the District, he was entitled to reinstatement pursuant to Education Law § 2510 (3) and § 3013 (3). Upon the Board's refusal, petitioner unsuccessfully appealed to respondent Commissioner of Education. The Commissioner determined that once BOCES assumed operation of the District's alternative education program, petitioner was automatically considered to be an "employee" of BOCES pursuant to Education Law § 3014-a. Thereafter, when petitioner accepted a teaching position offered by BOCES, preserving whatever

rights that may have enured to him by operation of Education Law § 3014-a, the purpose of the protections accorded by Education Law § 2510 (3) and § 3013 (3) was fulfilled. For this reason, the Commissioner concluded that petitioner retained no preferred eligibility rights with the District and was, therefore, not entitled to be placed in the newly-created vacancy in the District. Petitioner commenced this CPLR article 78 proceeding and, upon its dismissal by Supreme Court, pursued this appeal.

The Commissioner's determination that petitioner retained no reinstatement rights with the District upon his acceptance of a full-time position with BOCES is fully in accord with the plain language of Education Law § 3014-a, its legislative history and case law construing its companion statute, Education Law § 3014-b. Since the Commissioner's construction of such statute must be upheld if not irrational or unreasonable (*see, Matter of Howard v Wyman*, 28 NY2d 434, 438; *Matter of Acinapuro v Board of Coop. Educ. Servs.*, 89 AD2d 329, 335), we affirm.

Pursuant to Education Law § 3014-a, when a board of cooperative educational services takes over a program formerly provided by a school district, "each teacher * * * employed in such a program * * * at the time of such takeover * * * shall be considered an employee of such board * * * with the same tenure or civil service status he maintained in such school district" (Education Law § 3014-a [1]; *see, Koch v Putnam-Northern Westchester Bd. of Coop. Educ. Servs.*, 98 AD2d 311, 315, *lvs dismissed* 63 NY2d 607, 895; *see also, Matter of Buenzow v Lewiston-Porter Cent. School Dist.*, 101 AD2d 30, 34, *affd* 64 NY2d 676). Education Law § 3014-a further provides as follows:

> "If the number of teaching positions needed to provide the services required by such program by the board * * * of cooperative educational services is less than the number of teachers * * * to be considered employees of such board * * * as [previously] provided[,] * * * the services of the teachers * * * having the least seniority in the * * * district * * * whose programs are taken over by [such] board * * * shall be discontinued [and] [s]uch teachers * * * shall be placed on a preferred eligible list of candidates for appointment to a vacancy that may thereafter occur in an office or position under the jurisdiction of [such] board * * *

similar to the one such teacher * * * filled in such * * * district * * * . The teachers * * * on such preferred list shall be reinstated or appointed to such vacancies in such corresponding or similar positions under the jurisdiction of the board * * * of cooperative educational services in the order of their length of service in such * * * district * * * within seven years from the date of the abolition of such office or position" (Education Law § 3014-a [2]).

Petitioner asserts, however, that he retained his reinstatement rights pursuant to Education Law § 2510 (3) and § 3013 (3) regardless of the BOCES takeover of his program and his acceptance of a position therein due to his layoff from the District. He asserts that these rights are in addition to the rights granted by Education Law § 3014-a. We wholly disagree.

The rights conferred by Education Law § 2510 (3) and § 3013 (3) come into play when a board of education is forced to *abolish* a teaching position thereby obligating it "by law to discontinue the services of [the] teacher having the least seniority within the tenure area of the position abolished, regardless of the program in which he serves" (*Matter of Acinapuro v Board of Coop. Educ. Servs.*, 89 AD2d 329, 336, *supra*; *see*, *Koch v Putnam-Northern Westchester Bd. of Coop. Educ. Servs.*, 98 AD2d 311, 316, *supra*). Only when that position is *abolished* would the teacher with the least seniority be placed on a preferred eligibility list pursuant to the protections accorded by the aforementioned sections of the Education Law (*see*, *Matter of Avila v Board of Educ.*, 240 AD2d 661, 662, *lv denied* 91 NY2d 801). Where, as here, a teacher's position is not abolished but transferred due to a takeover by a board of cooperative educational services, the protections accorded by Education Law § 2510 (3) and § 3013 (3) are subsumed by Education Law § 3014-a (1) such that a teacher's acceptance of a full-time position with said board, which preserves all attendant seniority rights including tenure, terminates the benefits and protections enumerated in the aforementioned sections of the Education Law (*see*, *Matter of Chernoff*, 37 Ed Dept Rep 709). For these reasons, we find the Commissioner's determination to be entirely rational.

CREW III, J. P., SPAIN, MUGGLIN and LAHTINEN, JJ., concur.

Ordered that the judgment is affirmed, without costs.