■ In the Matter of Joseph T. Bojarczuk, Appellant, v Richard P. Mills, as Commissioner of Education of the State of New York, et al., Respondents. [774 NYS2d 593]—

Peters, J. Appeal from a judgment of the Supreme Court (Benza, J.), entered March 12, 2003 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Commissioner of Education denying petitioner's request for reappointment to his teaching position.

Petitioner, provisionally certified as a secondary mathematics teacher, was hired by respondent Board of Education of the Utica City School District during the 1995-1996 academic year in the district's Alternate Education Program.[1] When the district eliminated that program at the end of that school year and replaced it with a similar program offered by the Oneida-Herkimer-Madison Board of Cooperative Educational Services (hereinafter BOCES), petitioner was laid off. Pursuant to Education Law § 3014-a, petitioner became employed by BOCES, but was soon terminated for unsatisfactory performance.

At the commencement of the 1997-1998 school year, a new employee was hired by the Board to fill a vacancy for a secondary mathematics teacher without recalling petitioner pursuant to Education Law § 2510 (3) and § 3013 (3). Petitioner unsuccessfully appealed the denial of his reinstatement to respondent Commissioner of Education and then to both Supreme Court and this Court (287 AD2d 82 [2001]) through a CPLR article 78 proceeding. The Court of Appeals reversed, finding that petitioner's employment with BOCES did not divest him of his statutory right to be placed upon the district's preferred eligibility list for rehiring "provided [he] otherwise qualifies for the statutes' benefits" (98 NY2d 663, 665 [2002]). Upon remittal, Supreme Court found that petitioner's termination from BOCES disqualified him for such placement. Petitioner appeals and we reverse.

In our view, the issue distills to whether a school district should be permitted to consider service provided by a teacher after the date of layoff in determining if such teacher's performance was "faithful [and] competent" within the meaning of Education Law § 2510 (3) and § 3013 (3). As it is undisputed that these sections of the Education Law apply to probationary

1. In January 1996, petitioner's probationary status was extended to January 12, 1997 by agreement. In May 1996, a performance evaluation was conducted which recommended his continued employment.

as well as tenured teachers (*see Matter of Lezette v Board of Educ., Hudson City School Dist.*, 35 NY2d 272, 282 [1974]), we discern the intent of the Legislature from a literal construction of these statutes. Both Education Law §§ 2510 and 3013 mandate that a teacher's name be placed on the preferred eligibility list "from the date of abolition or consolidation" of the position which he or she held (*see* Education Law § 2510 [3] [a]; § 3013 [3] [a]).[2] By this clear and unambiguous language, we find that the Legislature's "manifest policy" (McKinney's Cons Laws of NY, Book 1, Statutes § 111) was to ensure that the recall rights of a teacher be ready to vest at the moment of termination. With vesting predicated upon a further showing that "the record of such person has been one of faithful, competent service in the office or position he [or she] has filled" (Education Law § 2510 [3] [a]; § 3013 [3] [a]), we conclude that performance must be evaluated as of the time that such teacher's rights became eligible for vesting. So viewing this record and noting that petitioner's probationary employment with the district could have been discontinued at any time for any reason without a hearing (*see generally Matter of Remus v Board of Educ. for Tonawanda City School Dist.*, 96 NY2d 271, 276 [2001]; *Matter of Lezette v Board of Educ., Hudson City School Dist., supra* at 278), this record can only support the finding that petitioner's performance with the district was both faithful and competent.

The record reveals that petitioner was recalled by the district in the 1995-1996 school year as a teacher of mathematics. It being settled that his tenure track cannot be changed without his written consent (*see* 8 NYCRR 30.9 [b]), we direct that petitioner be placed on the preferred eligibility list as it would have existed at the time of his layoff. Since he was not offered the secondary mathematics position when it became available in September 1997, petitioner is entitled to back pay and benefits from that time through the date of his reinstatement, less earnings received from other employment (*see Matter of Lezette v Board of Educ., Hudson City School Dist., supra* at 283; *Matter of Roschelle v Nyquist*, 61 AD2d 1073, 1074 [1978]). Placement on

---

2. The statutes read, in pertinent part, as follows: "[I]f an office or position is abolished or if it is consolidated with another position without creating a new position, the person filling such position at the time of its abolishment or consolidation shall be placed upon a preferred eligible list of candidates for appointment to a vacancy that then exists or that may thereafter occur in an office or position similar to the one which such person filled without reduction in salary or increment, provided the record of such person has been one of faithful, competent service in the office or position he [or she] has filled" (Education Law § 2510 [3] [a]; § 3013 [3] [a]).

the preferred eligibility list must, however, acknowledge the 4¹/₂ months remaining from his prior probationary status after properly excluding the time that he was out of service to the district (*see Matter of Maras v Board of Educ. of City School Dist. of City of Schenectady*, 275 AD2d 551, 552 [2000]; *Matter of England v Commissioner of Educ. of State of N.Y.*, 169 AD2d 868, 871 [1991], *appeal dismissed and lv denied* 77 NY2d 956 [1991]).

Cardona, P.J., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, petition granted and petitioner is placed as a probationary secondary mathematics teacher on the preferred eligibility list as it would have existed as of September 1, 1997 and awarding him back pay and benefits as provided in this Court's decision.